In re JAM FINE FURNITURE, INC., and Tashman Enterprises, Inc. d/b/a Shawnee Penn of Miami, Debtor.

William D. SEIDLE, as Trustee in Bankruptcy, etc., et al., Plaintiff,

v.

Herman TASHMAN, et al., Defendants.

Bankruptcy No. 81–01802–BKC–SMW.
Adv. No. 82–0193–BKC–SMW–A.

United States Bankruptcy Court,
S. D. Florida.

April 23, 1982.

William D. Seidle, Coral Gables, Fla., trustee.

John R. Camp, Jr., Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., for trustee.

Herbert Stettin, Lapidus & Stettin, P. A., Miami, Fla., for Herman Tashman & Shawnee Penn Manufacturing Co. Inc.

Howard J. Vogel, Pallot, Poppell, Goodman & Slotnick, Miami, Fla., for Central Bank & Trust Co.

Alvarez L. LeCesne, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C., for Dept. of Justice.

Alan L. Arons, Fort Lauderdale, Fla., for Sharut Imports of Fla.

Lee C. Schmachtenberg, Stuzin & Camner, Miami, Fla., for defendants Howard Freidin and Miami Design Plaza Ltd.

Bernard Liles, Boynton Beach, Fla., for defendant, Louis E. Freidman.

William D. Townsend, Deputy Gen. Counsel, Dept. of Revenue, John Browdy, III, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for State of Fla.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

These matters were tried by the Court on April 13, 1982, upon the Trustee's Complaint to Sell Free and Clear of Liens, and to Determine Validity, Priority, and Extent of Liens and on the Counterclaim and Cross-claim of the Defendant, CENTRAL BANK AND TRUST COMPANY and on the Counterclaims for reclamation of the Defendants, SHARUT FURNITURE IMPORTS OF FLORIDA, INC., and JOHN TURANO AND SONS, INC. The Court having heard the testimony and examined the witnesses, having considered the argument of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

1. This Court has jurisdiction over these proceedings pursuant to Title 28 of the United States Code Section 1471, and has jurisdiction of the parties hereto.

2. The Plaintiff is the Interim Trustee herein and was duly appointed on January 25, 1982 by Order of this Court.

3. This Involuntary Chapter 7 Proceeding was originally filed against the Debtor on November 2, 1981, and on January 5, 1982, an Order was entered amending the Involuntary Petition to join a General Partner, TASHMAN ENTERPRISES, INC., as an indispensable party.

4. On March 2, 1982 an Order for Relief was entered.

5. The Debtor's principal assets consist primarily of an inventory of household furniture held for resale, in addition to which there are some proceeds from the sale of inventory, and certain other personal property including desks, chairs, and other incidental office furniture and equipment, all presently in a building located at 45 N.E. 39th Street, at which the Debtor previously did business.

6. Pursuant to Section 363(f), the Trustee may sell property free and clear of any interest in such property of an entity other than the Estate if such entity consents or such entity can be compelled, in a legal or equitable proceeding, to accept monies in satisfaction of such interest.

7. No party hereto, except for the Defendants SHARUT FURNITURE IMPORTS OF FLORIDA, INC., and JOHN TURANO AND SONS, INC., each of whom have sought reclamation of their own particular items of inventory, has objected to a sale free and clear of liens.

8. It is in the best interest of this Estate that the Trustee be allowed to sell the property of the Estate free and clear of all liens, interests, claims or other security interests in the property.

9. The Trustee pursuant to Section 544 of the Bankruptcy Code has the rights of a judicial lien creditor who has perfected his security interests at the time of the filing of the Bankruptcy Petition.

10. The Defendant, HERMAN TASHMAN recorded a Judgment on October 2, 1981, against the Debtor in Official Records Book 11230 at Page 299 of the Public Records of Dade County, Florida. The Plaintiff herein offered into evidence a Certified Copy of the Judgment as recorded, which Judgment as recorded was not certified. The Court finds that the filing did not comply with FSA 55.10 which requires that a certified copy of a Judgment be filed and recorded in order to constitute a valid lien on property under Florida law. The Defendant, HERMAN TASHMAN also recorded a Judgment on October 23, 1981, against the Debtor in Official Records Book 11248 at Page 735 of the Public Records of Dade County, Florida. The Plaintiff herein offered into evidence a Certified Copy of the Judgment as recorded, which Judgment as recorded was not certified. The Court finds that the filing did not comply with FSA 55.10 which requires that a certified copy of a Judgment be filed and recorded in order to constitute a valid lien on property under Florida law.

11. The Defendant, CENTRAL BANK AND TRUST COMPANY, recorded a U.C.C. 1 Financing Statement on September 3, 1980 against the Debtor, said Financing Statement being recorded in Official Records Book 10858 at Page 1261 of the Public Records of Dade County, Florida. The documents and the testimony make it clear that Walter Lippman and Herman Tashman, the two individuals who executed the Security Agreement were in fact authorized signatories for the corporations which formed the partnership which is the herein Debtor; that advances made by the bank on the loan which the Security Agreement was given to secure were in fact credited to the account of the Debtor; and the Court therefore finds that the absence of the names of the general partners of the Debtor as signatories to the Security Agreement is not fatal to the validity of the Security Agreement or to the perfection of the bank's security interest.

12. The Defendant, FINESSE CORPORATION, was properly served with a Summons and Notice of Trial herein and failed to file an Answer or other response to the Complaint as was required by the said Summons and Notice of Trial.

13. The Defendants, HELENE GISSEN and MATTHEW GISSEN, were properly served with a Summons and Notice of Trial herein and failed to file an Answer or other response to the Complaint as was required by the said Summons and Notice of Trial.

14. The Defendant, INTERLINE FURNITURE, INC., was properly served with a Summons and Notice of Trial herein and

failed to file an Answer or other response to the Complaint as was required by the said Summons and Notice of Trial.

15. The Defendant, UNITED STATES OF AMERICA-Department of the Treasury-Internal Revenue Service filed a Motion to Dismiss the Complaint, however, prior to said Motion having been heard by the Court, the Plaintiff filed a Voluntary Notice of Dismissal pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, as adopted by Bankruptcy Rule 741.

16. The Defendant, JAMES J. McVEIGH recorded a Judgment on November 11, 1977, against the Debtor in Official Records Book 9854 at Page 1199 of the Public Records of Dade County, Florida. The Plaintiff herein offered into evidence a Certified Copy of the Judgment as recorded, which Judgment as recorded was not certified. The Court finds that the filing did not comply with FSA 55.10 which requires that a certified copy of a Judgment be filed and recorded in order to constitute a valid lien on property under Florida law.

17. The Defendant, SHARUT FURNITURE IMPORTS OF FLORIDA, INC., filed a U.C.C. 1 Financing Statement on October 16, 1981, in Official Records Book 11242 at Page 2404 of the Public Records of Dade County, Florida, and although the Financing Statement was not filed with the Secretary of State in accordance with the requirements of FSA 679.401 there was undisputed testimony to the effect that the said Defendant had relied upon the assurances of authorized agents of the Debtor to the effect that the Debtor would be responsible for the proper filing of the Financing Statement. This being a Court of equity, the Court is of the opinion that the Trustee should not now be permitted to take advantage of misrepresentations made to this Defendant by the Debtor's agents.

18. The Defendant, SHAWNEE PENN MANUFACTURING COMPANY, INC., recorded a Judgment on October 20, 1981, against the Debtor in Official Records Book 11243 at Page 1827 of the Public Records of Dade County, Florida. The Plaintiff herein offered into evidence a Certified Copy of the Judgment as recorded, which Judgment as recorded was not certified. The Court finds that the filing did not comply with FSA 55.10 which requires that a certified copy of a Judgment be filed and recorded in order to constitute a valid lien on property under Florida law.

19. The Defendant, JOHN TURANO AND SONS, INC., filed a U.C.C. 1 Financing Statement on October 21, 1981, in Official Records Book 11246 at Page 1629 of the Public Records of Dade County, Florida and although the Financing Statement was not filed with the Secretary of State in accordance with the requirements of FSA 679.401 there was undisputed testimony to the effect that the said Defendant had relied upon the assurances of authorized agents of the Debtor to the effect that the Debtor would be responsible for the proper filing of the Financing Statement. This being a Court of equity, the Court is of the opinion that the Trustee should not now be permitted to take advantage of misrepresentations made to this Defendant by the Debtor's agents.

20. The Defendants, THEODORE N. TIEMEYER and HOWARD FRIEDIN, individually and as general partners of MIAMI DESIGN PLAZA LTD., a Florida limited partnership as landlord notified the Trustee by letter, that they claim a lien on "all property on the premises." The purported lien of the landlord is avoidable by the Trustee under Section 545(3) of the Bankruptcy Code.

21. The Defendant, LOUIS C. FRIEDMAN, filed a U.C.C. 1 Financing Statement on October 16, 1981, which was recorded in Official Records Book 11242 at Page 1662 of the Public Records of Dade County, Florida. The Financing Statement was not filed in accordance with the provisions of FSA 679.401, which requires the filing with Secretary of State to perfect the security interest and inventory, nor was the claimed lien perfected under FSA 672.326(2) and (3) relating to goods on sale or return or FSA 679.302 which requires the filing to

protect the security interest and therefore does not constitute a valid lien against the Debtor's property.

22. The Defendant, EUGENE FAGAN, was properly served with a Summons and Notice of Trial herein and failed to file an Answer or other response to the Complaint as was required by the said Summons and Notice of Trial.

23. The Defendant, STATE OF FLORIDA, filed:

(a) A Warrant for Collection of Delinquent Sales and Use Tax on January 14, 1982, said warrant having been recorded in Official Records Book 11323 at Page 1288 of the Public Records of Dade County, Florida. A lien created thereby, if any, was for an antecedent debt and was made while the Debtor was insolvent, was made subsequent to the date of the filing of the Involuntary Petition, and is voidable as a preference under Section 547 of the Bankruptcy Code.

(b) The Defendant, STATE OF FLORIDA/Department of Revenue filed a Warrant for Collection of Delinquent Sales and Use Tax on July 23, 1981, against TASHMAN ENTERPRISES CORPORATION, which warrant was recorded in Official Records Book 11166 at Page 214 of the Public Records of Dade County, Florida. The Court finds that the filing of the Warrant against one of the general partners of the herein Debtor, (presuming TASHMAN ENTERPRISES CORPORATION and TASHMAN ENTERPRISES, INC., are the same) does not constitute a lien against the property of the herein Debtor, a partnership composed of TASHMAN ENTERPRISES, INC., and JAM FINE FURNITURE, INC.

(c) The Defendant, STATE OF FLORIDA/Department of Revenue filed a Warrant for Collection of Delinquent Sales and Use Tax on February 25, 1982 against TASHMAN ENTERPRISES CORP., with said warrant being recorded in Official Records Book 11363 at Page 1992 of the Public Records of Dade County, Florida. The Court finds that the filing of the Warrant against one of the general partners of the herein Debtor (presuming TASHMAN ENTERPRISES CORP. and TASHMAN ENTERPRISES, INC., are the same) does not constitute a lien against the property of the herein Debtor, a partnership composed of TASHMAN ENTERPRISES, INC., and JAM FINE FURNITURE, INC., and further finds that the lien created thereby, if any, was for an antecedent debt and was made while the Debtor was insolvent, was made subsequent to the date of the filing of the Involuntary Petition, and is voidable as a preference under Section 547 of the Bankruptcy Code.

24. The Defendant, AVITRA CORP., was properly served with a Summons and Notice of Trial herein and failed to file an Answer or other response to the Complaint as was required by the said Summons and Notice of Trial.

The Court will enter a Final Judgment in accordance with these Findings of Facts and Conclusions of Law.