In re Alma Jean HOWARD, Debtor.

Alma Jean HOWARD, Plaintiff,
v.
WASHINGTON HOSPITAL
CENTER, Defendant.

Bankruptcy No. 82–1–1994.
Adv. No. 83–0314A.

United States Bankruptcy Court,
D. Maryland.

Aug. 2, 1983.

Richard Gins, Washington, D.C., for debtor.

Charles Stein, Towson, Md., Stephen Keeffe, Washington, D.C., for defendant.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

Alma Jean Howard, plaintiff, filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Reform Act of 1978. On April 7, 1983, she filed the instant Complaint to Set Aside Lien as Voidable Preference against the Washington Hospital Center ("Center"). Defendant responded with a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted.

Plaintiff seeks to avoid the hospital lien granted the Center under District of Columbia law for services rendered by it to her from October 3, 1981, through October 30, 1981, for injuries sustained by her in a head-on motor vehicle collision. She was billed $35,375.96 for her treatment. On September 23, 1982, the Center filed a hospital lien in the District of Columbia pursuant to *D.C.Code*, § 38–301 (1981)[1] to attach any damages or settlement proceeds she might receive as a result of the accident. On December 20, 1982, less than ninety days later, Ms. Howard filed a petition under Chapter 7 of the Bankruptcy Code. The record does not reflect the amount of the recovery from an alleged tort-feasor.

## QUESTIONS PRESENTED

1. Did the filing of the D.C. hospital lien constitute a preference under 11 U.S.C.

---

1. § 38–301. *Hospital's lien for services on recovery in accident cases.*

Every association, corporation, or other institution, and any agency of the United States or the District of Columbia, maintaining a hospital in the District of Columbia, which shall furnish medical or other service to any patient injured by reason of an accident causing injuries not covered by the Employees' Compensation Act or the Workmen's Compensation Act, shall, if such injured party shall assert or maintain a claim against another for damages on account of such injuries, have a lien upon that part going or belonging to such patient, of any recovery or sum had or collected or to be collected by such patient, or by his heirs or personal representatives in the case of his death, whether by judgment or by settlement or compromise to the amount of the reasonable and necessary charges of such hospital for the treatment, care, and maintenance of such patient in such hospital up to the date of payment of such damages ...

§ 547(b)? This issue is raised by the plaintiff's contention that she is entitled to the proceeds of her personal injury suit free from the defendant's lien. Although the plaintiff claimed the proceeds exempt pursuant to MD CTS. & JUD.PROC.CODE ANN., 11–504(b)(2) (1980),[2] she must next prove that the defendant's lien may be avoided. Liens which have not been avoided continue to attach to exempt property pursuant to 11 U.S.C. § 522(c)(2)(A) which provides in part:

> (c) ... property exempted under this section is not liable during or after the case for any debt of the debtor ... except—
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (2) a lien that is—
>
> (A) not avoided under section ... 545 [and] 547 ... of this title;

2. If the defendant's lien is a preference, then there must then be a determination as to whether or not the defendant's lien is exempt from the § 547 avoidance power. This issue is raised by the defendant's contention that its lien is a statutory lien which may not be avoided under § 545, and, therefore, pursuant to § 547(c)(6), may not be avoided under § 547. This latter issue requires determination of two sub-issues: (A) If defendant's lien is a statutory lien; and (B) if so, whether or not its lien may be avoided under § 545.

For the convenience of the parties, the court will set out extracts of portions of §§ 547, 545, and 101, as the statutes will be considered in that order.

*11 U.S.C. § 547(b) and (c):*

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
> (A) on or within 90 days before the date of the filing of the petition; or
>
> (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
>
> (i) was an insider; and
>
> (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
> (A) the case were a case under Chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
>
> (c) The trustee may not avoid under this section a transfer—
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (6) that is the fixing of a statutory lien that is not avoidable under section 545 of this title.

*11 U.S.C. § 101(38):*

> (38) "statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute;

*11 U.S.C. § 545:*

---

**2.** 11–504(b) *In general.*—The following items are exempt from execution on a judgment.

&ast; &ast; &ast; &ast; &ast; &ast;

(2) Money payable in the event of sickness, accident injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(1) first becomes effective against the debtor—

(A) when a case under this title concerning the debtor is commenced;

(B) when an insolvency proceeding other than under this title concerning the debtor is commenced;

(C) when a custodian is appointed or takes possession;

(D) when the debtor becomes insolvent;

(E) when the debtor's financial condition fails to meet a specified standard; or

(F) at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien;

(2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists;

■ As pointed out in the case of *In re Cox*, 10 B.R. 268 (BC Md.1981), the debtor may avoid transfer of property to the extent the debtor could have exempted such property if such transfer was avoidable by the trustee, and the trustee does not attempt to avoid the transfer.

A. *The Defendant's Hospital Lien is a Preference*

■ A reading of the Code establishes beyond doubt that the defendant's hospital lien meets the requirements for a preference under § 547(b). The creation of the hospital lien against the plaintiff's proceeds from her personal injury suit was a transfer of property of the debtor to or for the benefit of a creditor. 11 U.S.C. § 101(40) includes involuntary as well as voluntary dispositions of an interest in property in the definition of "transfer." Therefore, the hospital lien transferred an interest of the plaintiff/debtor in the proceeds to the hospital. Furthermore, under 11 U.S.C.

§ 101(9) " 'creditor' means—(A) entity that has a claim against the debtor that arose ... before the order for relief concerning the debtor." Clearly, the defendant's claim arose before the order for relief.

The hospital lien was a transfer for or on account of an antecedent debt owed by the debtor before such transfer was made. The debt was incurred on or about October, 1981, when the defendant treated the plaintiff for her injuries. The hospital lien was not filed until September, 1982.

The creation of the hospital lien took place while the debtor was insolvent and within 90 days before the date of the filing of the petition. Pursuant to § 547(f), "... the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition," and the hospital lien was filed 88 days before the filing of the plaintiff's bankruptcy petition.

Finally, the creation of the hospital lien enables the defendant to receive more than it would if the transfer had not been made. If the hospital lien were not created, the defendant would have been a general, unsecured creditor entitled to only one fund for satisfaction of its debt, that is, a pro rata share from the estate of the debtor along with all other general, unsecured creditors. The hospital lien provides the defendant with two funds for satisfaction of its debt: 1) plaintiff's proceeds from her personal injury suit, and 2) a pro rata share from the estate of the debtor.

B. *The District of Columbia Hospital Lien is Exempt from the Avoidance Power under § 547 Pursuant to § 547(c)(6)*

I. *The District of Columbia Hospital Lien is a Statutory Lien*

The hospital lien herein is a statutory lien. 11 U.S.C. § 101(38) defines 'statutory lien': "... a lien arising solely by force of a statute on specified circumstances or conditions ...." The legislative history for § 101(38) provides in part:

A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action. Mechanics', materialmen's, and warehousemen's liens are examples. Tax liens are also included in the definition of a statutory lien.[3] While the legislative history does not specifically provide a hospital lien is a statutory lien, the passage quoted reflects that the examples cited are not exhaustive of types of statutory liens.

■ The hospital lien herein arose solely by force of D.C. Code, Title 38, § 38–301 (1981 ed.) which grants a hospital in the District of Columbia a lien upon any recovery or sum collected by a patient injured in an accident for charges incurred by such hospital for the treatment, care, and maintenance of the patient. Therefore, this hospital lien is a 'statutory lien' within the meaning of 11 U.S.C. § 101(38). Under § 547(c)(6), statutory liens not avoidable under § 545 may not be avoided.

II. *The District of Columbia Hospital Lien May Not Be Avoided Under § 545.*

■ To ascertain whether this statutory lien may be avoided under § 545, one need only read the section and check each pigeon hole. Plaintiff is unable to fit this lien into any of the safe havens. Section 545(1)(A), (B), and (C) are inapplicable because the defendant's lien became effective on September 23, 1982, prior to the commencement of this bankruptcy case or any other insolvency proceeding, and no custodian has been appointed to take possession of the property in question. This hospital lien is unavoidable under § 545(1)(D) because the D.C.Code, Title 38, § 38–301 (1981 Ed.), provides for creation of the hospital lien irrespective of the debtor's insolvency. The trustee may utilize the avoidance power contained in § 545(1)(D) only when the statute provides for creation of the lien upon the contingency of the debtor's insolvency. *See, In re Davis*, 22 B.R.

523 (BC W.D.Pa.1981). This hospital lien is unavoidable under § 545(1)(E) because the District of Columbia hospital lien statute does not require the debtor to meet a specified financial standard. Section 545(1)(F) is inapplicable because there has not been any other levy against the proceeds of plaintiff's personal injury suit. Moreover, the defendant complied with the filing requirements of the District of Columbia lien statute, and, therefore, its lien is not subject to avoidance under § 545(2).

CONCLUSION

Although the Center's lien is a preference under § 547(b), the lien is exempt pursuant to § 547(c)(6) from the avoidance powers contained in § 547. The social value of hospital liens supports this conclusion as well. While we have not found anything from the District of Columbia on point, *St. Joseph Hospital v. Quinn*, 241 Md. 371, 216 A.2d 732, 734 (1966), upon consideration of an analogous hospital lien statute provides:

"The search for the intention of the Legislature must start and end with the words of the statute considered in light of the background of the enactment and its purpose, aided by established presumptions and rules of statutory construction. In the background when the statute was passed was (a) the plight of hospitals which gave aid to those injured by the negligence of another and which, if the patient would not pay voluntarily, could only recover their charges from the recovery by suit and attachment, an unsatisfactory if not often completely useless procedure; (b) the fact that the great majority of recoveries in negligence cases were effectuated for their claimant-clients by lawyers whose fees were contingent on success and payable only from the fund recovered; and (c) the further fact that some ten other states had passed laws giving hospitals a lien in various ways in tort cases. The obvious purpose of the Maryland lien law was to

---

**3.** Senate Report No. 95–989, 95th Cong. 2d Sess. 26–27 (1978); see House Report No. 95–595, 95th Cong. 1st Sess. 313–14 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787.

insure that the lawyer, the hospital and the injured person each received some share of the amount recovered from the tort-feasor.

An order will be entered granting defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.