In re SPORTS ENTERPRISES, INC.

BORG–WARNER ACCEPTANCE CORP., Daniel Callaghan, Esq., Kawasaki Motors Corp., Ronald Cereola, Esq., ITT Commercial Finance Corp., Cynthia Eckelkamp, Esq., Yamaha Parts Distributors, Inc., Sherman Horton, Esq., Yamaha Motor Corporation, Sherman Horton, Esq., Timberland Machines, Inc., and Jay Niederman, Esq.

v.

SPORTS ENTERPRISES, INC.

Bankruptcy No. 83–351.
CM Nos. 83–91, 83–63, 83–113, 83–51, 83–50 and 84–13.

United States Bankruptcy Court,
D. New Hampshire.

April 5, 1984.

Daniel Callaghan, Ronald Cereola, Manchester, N.H., Cynthia Eckelkamp, Clayton, Mo., Sherman Horton, Nashua, N.H., Jay Niederman, Manchester, N.H., for creditors.

Terrie Harman, Portsmouth, N.H., Trustee.

Gerald Cleary, Berlin, N.H., for debtor.

## ORDER

JAMES E. YACOS, Bankruptcy Judge.

This case having come before the court upon motions filed by each of the above captioned parties seeking Relief from the Automatic Stay in order that they might proceed to enforce their alleged rights as secured creditors in certain collateral property; and the trustee in Bankruptcy having objected to such relief and having challenged the validity as against the trustee of the alleged security interest; and the court having received evidence, heard argument of counsel, and having reviewed subsequent Memoranda of the parties; it is accordingly

ORDERED, ADJUDGED and DECREED as follows:

1. The evidence clearly establishes that the debtor's principal place of business was located in Gorham, New Hampshire. RSA 382–A: 9–401(1)(c) provides that for collateral goods of the type here involved perfection of a claimed security interest must be filed both with the Secretary of State and with the Town Clerk in the Town of the debtor's principal place of business. The moving creditors did file with the Secretary of State but filed with the Town Clerk in the adjacent Town of Berlin, New Hampshire.

2. The evidence further indicates that the debtor in various communications to the moving creditors had indicated that its principal place of business was at "RFD 1, Berlin, New Hampshire".

3. The trustee, pursuant to the rights of a hypothetical lien creditor granted under § 544 of the Bankruptcy Code can avoid and invalidate security interests unperfected under applicable State law.

4. The court concludes that the applicable law in the instant case, including the savings provision appearing in 9–401(2), would not excuse the incorrect filing and that the hypothetical creditor posited by § 544 of the Code would be able to avoid such security transactions. While the moving creditors in good faith may have relied on the representations made by the debtor as to its location, a visit to the actual premises would have advised them of the correct location, and in any event the whole point of granting the trustee the rights of a "hypothetical" creditor is to avoid binding the trustee by particular representations that may have been made by a debtor. Moreover, any party seeking to do business with the debtor was entitled under New Hampshire law to check with the Town Clerk of Gorham, New Hampshire as to the existence of any outstanding security interest. To the extent that any dicta *In re*

*Jam Furniture, Inc.*, 19 B.R. 578 (Bkrtcy. S.D.Fla.1982), is to the contrary this court declines to follow that opinion.

5. Certain of the moving parties have argued that even if their security interests are subject to avoidance by the trustee that power should not be exercised, as a matter of equity, if the only result is to benefit a junior lien holder who had actual knowledge of the prior security interest. *In re Johnson*, 36 UCC Reporting Service ¶ 9102.4, 28 B.R. 292 (Bkrtcy.N.D.Ill.1983) is cited in that regard. However, that issue is not presently before this court and nothing in this ruling will preclude the trustee or any other party from asserting such equitable considerations as to any distribution to any junior lien holders during the further course of these proceedings.

6. Accordingly, all Motions and Complaints seeking Relief from the Automatic Stay with respect to the above captioned parties are hereby denied.