In re Mary D. JANSSEN, Debtor.

Mary D. JANSSEN, Plaintiff,

v.

WASHINGTON HOSPITAL CENTER, Defendant.

Bankruptcy No. 83–00687–A.
Adv. No. 83–0388–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Sept. 17, 1984.

Mark R. Fitzgerald, Washington, D.C., for defendant.

Roy B. Zimmerman, Alexandria, Va., Trustee in Bankruptcy.

295

Donald T. Cheatham, Sandground & Cheatham, Fairfax, Va., for debtor.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This case comes before the Court on defendant's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted. R.Bankr.P. 7012(b); Fed.R.Civ.P. 12(b)(6). Plaintiff-debtor filed a petition for relief on June 7, 1983 and, thereafter, a Motion to Set Aside Lien. Arguments were heard and post-hearing briefs were filed. The issue is whether defendant's lien is avoidable as a "judicial lien" as that term is defined and used in the Bankruptcy Reform Act of 1978 ("the Bankruptcy Code").

A motion to dismiss a proceeding for failure to state a claim for which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable to adversary proceedings in bankruptcy by Rule 7012(b) of the Rules of Bankruptcy Procedure. R.Bankr.P. 7012(b). In considering a Rule 12(b)(6) motion, this Court must take as admitted all elements of the motion to set aside the lien. *See, e.g., Fralin & Waldron, Inc. v. County of Henrico, Virginia,* 474 F.Supp. 1315, 1323 (E.D.Va.1979); *Associated Dry Goods Corp. v. Equal Employment Opportunity Comm'n,* 419 F.Supp. 814, 818 (E.D.Va. 1976); *In re Herman Cantor Corp.,* 15 B.R. 747, 748 (Bankr.E.D.Va.1981). An action should not be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hospital Bldg. Co. v. Trustees of Rex Hosp.,* 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *Hudspeth v. Figgins,* 584 F.2d 1345, 1347 (4th Cir.1978) (per curiam), *cert. denied,* 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979); *Morgan v. American Family Life Assurance Co.,* 559 F.Supp. 477, 480 (W.D.Va.1983).

The facts are undisputed. On June 7, 1983, plaintiff-debtor, Mary D. Janssen ("debtor"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. At that time, debtor was awaiting the pretrial in the District of Columbia Superior Court of a damages suit she had filed following an automobile accident which occurred over a year earlier in the District of Columbia. Debtor had been hospitalized as a result of the accident, incurring among other medically-related expenses a debt to the Washington Hospital Center ("defendant") amounting to $29,-979.40. On May 24, 1982, pursuant to a statute of the District of Columbia, defendant recorded a notice of lien in the amount of $29,979.40 on any recovery debtor might have from her suit. *See D.C.Code Ann.* §§ 38–301 to 38–303 (1981). Debtor, however, has exempted the proceeds of her suit on her homestead deed pursuant to Virginia law and as provided for by the Bankruptcy Code. *See* 1950 Code of Virginia §§ 34–4 et seq. (Repl. vol. 1984); 11 U.S.C. § 522(b)(1). By the instant motion, debtor seeks to set aside defendant's lien on these proceeds.

Debtor relies on section 522(f) of the Bankruptcy Code, which provides in pertinent part that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is ... a judicial lien." 11 U.S.C. § 522(f)(1). Defendant moves for dismissal on the grounds that its lien, provided for in the District of Columbia Code, is a statutory lien and, therefore, cannot be avoided under section 522(f). Furthermore, the defendant argues that its lien cannot be avoided under the Bankruptcy Code section specifically providing for avoidance of statutory liens because none of the avenues available thereunder are applicable to the facts of this case. *See* 11 U.S.C. § 545(1)(A)–(F).

The Bankruptcy Code defines "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(27). The District of Columbia Code provides that an institution such as defendant which treats a patient such as debtor

"shall, *if such injured party shall assert or maintain a claim against another for damages* on account of such injuries, have a lien upon that part going or belonging to such patient, of any recovery or sum had or collected or to be collected by such patient ... whether by judgment or by settlement or compromise."

*D.C.Code Ann.* § 38–301 (emphasis added). The extent of the lien is limited to the amount "of the reasonable and necessary charges" of the hospital care. *Id.* The two Codes present a paradox in that defendant's lien is provided for by statute but the statute is triggered only by a legal proceeding, i.e., when a claim is asserted or maintained.

The paradox is resolved by considering that under the District of Columbia Code, the prospective lienholder and the party asserting or maintaining a claim are two different entities, whereas under the Bankruptcy Code definition of "judicial lien" they are one and the same entity. The legislative intent behind allowing debtors to avoid judicial liens under section 522(f) requires such a construction of the definition of "judicial lien".

> The debtor may void any judicial lien on exempt property.... [This] right allows the debtor to undo the actions of *creditors that bring legal action against the debtor* shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 126–27 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6087; *reprinted in* Bkr-L Ed, LEGISLATIVE HISTORY § 82.-4, 103–04 (1979) (emphasis added). Thus, the court in *In re Dunn*, 10 B.R. 385 (Bankr.W.D.Okla.1981), held that a lien which secured an agreed-to property division cash payment in a divorce proceeding was not avoidable because "it [was] not an *involuntary* 'judicial lien' within the ambit of Code § 522(f)(1) but consensual and voluntary although judicially sanctioned." *Id.* at 387 (emphasis in original).

In the case at bar, debtor commenced the legal action which availed defendant of the lien under the District of Columbia Code. Defendant's lien is not one which defendant obtained by legal action but one which was given by statute. Defendant had no control over the imposition of this lien as, for example, it was not acquired by racing to the courthouse. It is true, however, that under the District of Columbia Code defendant must take certain legal steps to effectuate its lien. *See D.C.Code Ann.* § 38–302 (Notice). But this lien upon the proceeds of *debtor's* action for damages against a third party is not a "judicial lien" as that term is defined in the Bankruptcy Code. Insofar as defendant's lien is not a "judicial lien", debtor may not avoid it under section 522(f).

Section 545 of the Bankruptcy Code provides for avoidance of the fixing of certain statutory liens on property of the debtor. 11 U.S.C. § 545. The Bankruptcy Code defines "statutory lien" as a

> lien arising solely by force of a statute on specified circumstances or conditions, ... but does not include ... [a] judicial lien, whether or not such ... lien is provided by or is dependent on a statute and whether or not such ... lien is made fully effective by statute.

11 U.S.C. § 101(39). The legislative history of section 101(39) indicates that "[a] statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action. Mechanics' materialmen's and warehousemen's liens are examples. Tax liens are also included in the definition of statutory lien." H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 314 (1977), U.S.Code Cong. & Admin.News 1978, p. 6271 *reprinted in* Bkr-L Ed, LEGISLATIVE HISTORY § 82:15, 321 (1979).

Assuming, *arguendo*, that defendant's lien is a statutory lien, it in no way fits any avenue for avoidance provided under section 545. Subsection 545(1) applies to liens which first became effective at the time debtor experiences certain forms of financial distress. 11 U.S.C. § 545(1)(A)–(F). Defendant's lien did not become effective as a result of any of the enumerated instances. *See id.* Subsection 545(2) ap-

plies to liens not perfected or enforceable against a bona fide purchaser on the date the petition was filed. Defendant's lien was enforceable under the filing requirements of the District of Columbia Code long before debtor filed her petition. *D.C. Code Ann.* § 38–302. Finally, subsections 545(3) and (4) apply to liens for rent or of distress for rent, neither of which is applicable in the instant case. *See also In re Howard,* 43 B.R. 135 at 138–39 (Bankr.D. Md.1983) (statutory lien arising under § 38–301 of District of Columbia Code cannot be avoided under Bankruptcy Code section 545(1)–(4)).

 The remaining avenue for avoiding defendant's lien is under section 547(b) of the Bankruptcy Code which provides for the avoidance of "any transfer of property of the debtor" if all of five enumerated conditions are met. 11 U.S.C. § 547(b); *see In re General Office Furniture Wholesalers, Inc.,* 37 B.R. 180, 182 (Bankr.E.D.Va. 1984). One such condition in pertinent part, is that the transfer be

(4) made—

(A) on or within 90 days before the date of filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider.

11 U.S.C. § 547(b)(4). Defendant has never been an "insider" with respect to debtor under the Bankruptcy Code definition of that term. *See* 11 U.S.C. § 101(25). Therefore, any voidable transfer must have been made on or within 90 days before the date of filing, June 7, 1983. Whether the date of transfer is considered to be the date when debtor brought her action for damages against the alleged tortfeasor, triggering the statute giving rise to defendant's lien, or the later date of May 24, 1982 when defendant effectuated its lien by filing notice thereof, the transfer long preceded the 90-day pre-petition mark on March 9, 1983 [1]. The section 547(b)(4) element not being satisfied, debtor cannot avoid defendant's lien as a preference under section 547 of the Bankruptcy Code.

Accordingly, because defendant's lien is a lien which may not be avoided under sections 522(f), 545, or 547 and debtor cannot be entitled to the prayed for relief as a matter of law, defendant's motion to dismiss is granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure as made applicable to this proceeding by the Bankruptcy Code.

An appropriate Order will enter.

1. The date of notice filing was considered as being the date of transfer in *In re Howard,* 43 B.R. 135 at 138 (Bankr.D.Md.1983). In *Howard,* debtor sought to avoid a lien arising under the identical statute as does defendant's lien herein. All conditions for avoidance under § 547(b) were met. The court, however, found that the lien was statutory and, therefore, unavoidable under § 547(c)(6). *Id.* at 138. *Howard* does not address avoidance of the lien under § 522 of the Bankruptcy Code. In view of the *Howard* court's conclusion that the lien was statutory, avoidance would presumably not have been available under § 522 either.