**In re Burt G. POHRMAN, Debtor.**

**Bankruptcy No. 691–63643–R7.**

United States Bankruptcy Court,
D. Oregon.

Oct. 16, 1992.

William D. Koontz, Cottage Grove, Or., for Debtor.

Ronald A. Walro, Eugene, Or., for Viking Ins. Co.

Ronald R. Sticka, Eugene, Or., Trustee.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court upon the objection of Viking Insurance Company

to the debtor's claim of exemption in the proceeds of a personal injury insurance settlement.

## BACKGROUND

A review of the court's file in this matter, including the pleadings, the parties' memoranda and the evidence adduced at the hearing held April 7, 1992 reveals the following undisputed facts.

On February 4, 1990, the debtor was seriously injured in an automobile accident. The responsible party in the accident was Michael Schilling who had an automobile insurance policy with Viking Insurance Company ("Viking"). The policy provided for $25,000.00 of liability coverage including $10,000.00 in personal injury protection (PIP). The debtor was treated for the injuries he sustained at Sacred Heart General Hospital ("the hospital").

Pursuant to O.R.S. 87.555(1), the hospital filed three liens on February 20, 1990, April 3, 1990 and May 4, 1990 for the medical services rendered to debtor on the proceeds of the insurance policy in amounts totalling $19,159.32 (collectively the lien). Under the PIP provisions of Schilling's insurance policy, Viking paid the hospital $10,000.00 in partial satisfaction of the medical services claims.

Viking and the debtor subsequently settled the personal injury claim against Mr. Schilling for the balance of the policy, $15,000. The debtor executed a release of Viking and Mr. Schilling from further liability because of the automobile accident. The debtor and his attorney (William Koontz) also executed a "Hold Harmless Agreement" with Viking which provided as follows:

I, Burt G. Pohrman (hereinafter Pohrman) and William P. Koontz, attorney for Pohrman (hereinafter Attorney) hereby agree to hold harmless Viking Insurance Company and its insured, Michael Shelling [sic], from the claims of any and all lienholders against the proceeds of the policy held by Michael Shelling [sic] with Viking Insurance Company.

In return, Viking Insurance Company will disburse the proceeds of said policy, less PIP to Pohrman and attorney Koontz. Said proceeds of the policy are compensation to Pohrman for personal bodily injury suffered by Pohrman in an automobile accident on February 4, 1990. Said proceeds are also compensation for Pohrman's loss of future earning capacity, in light of Pohrman's limited education and the fact that he will be permanently physically impaired.

When the debtor did not pay the hospital, the hospital sued Viking for payment pursuant to O.R.S. 87.580 [1]. Viking settled this suit by payment to the hospital in the sum of $6,204.07 plus filing and service fees of $138. Viking received from the hospital an assignment of its liens on the insurance proceeds. Viking then filed a third-party complaint against the debtor to foreclose the liens.

On August 12, 1991 the debtor filed his chapter 7 petition herein, which stayed the third-party foreclosure proceeding. Debtor claims the insurance proceeds exempt under O.R.S. 23.160(j)(1)(B) and (C) [2]. Viking

---

**1.** O.R.S. 87.580 provides: "Any person or insurer who, after the receipt of a certified copy of notice of lien in compliance with O.R.S. 87.565, shall make any payment to the injured person, the heirs, personal representatives of the injured person or the attorney for any of them, as compensation for the injury suffered, without paying the hospital or physician the reasonable value of hospitalization and treatment rendered such injured person and claimed in its notice of lien or so much thereof as can be satisfied out of the moneys due under any judgment, settlement or compromise, after paying the attorney fees, costs and expenses incurred in connection therewith and any prior liens, shall, for a period of 180 days after the date of such payment, be

liable to the hospital or physician for the amount which the hospital or physician was entitled to receive. The hospital or physician shall, within such period, have a cause of action against the person making any such payment, which may be prosecuted in any county wherein notice of lien has been filed."

**2.** This statute provides for the exemption of: "(j) The debtor's right to receive, or property that is traceable to:

\* \* \* \* \* \*

(B) A payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an

has timely objected to the claim of exemption.

A hearing was held on Viking's objection to the debtor's claim of exemption on April 7, 1992, at which the parties agreed as follows: 1) Absent any application or impact of the lien, the debtor may claim the insurance proceeds exempt; 2) the debt owing to the hospital for medical services is valid and reasonable, and 3) the lien was properly perfected as required by Oregon law.

The Court took the matter under advisement and provided for a post-hearing briefing schedule. The briefs have now all been submitted and the matter is ripe for decision.

## ISSUE

The sole issue for this Court to determine is the relative priority of the medical services lien under O.R.S. Chapter 87 vis-a-vis the debtor's personal injury exemption claim pursuant to O.R.S. 23.160(j)(1)(B) and (C).

## DISCUSSION

All statutory references are to the Bankruptcy Code, Title 11 U.S.C. unless otherwise indicated.

██ Debtor argues that the lien may be avoided pursuant to the bankruptcy code. In the alternative, if the lien may not be avoided, the debtor urges that under Oregon State law, the exemption takes priority over the hospital's lien.

### Lien Avoidance

Exempt property is not protected from the enforcement of valid liens. Here, the parties have stipulated that the hospital's lien is valid and was properly perfected and that but for the possible impact of the lien, the insurance proceeds which the debtor received would have been exempt under O.R.S. 23.160.

Section 522(c) provides in pertinent part:

> individual of whom the debtor is a dependent; or
>   (C) A payment in compensation of loss of future earnings of the debtor or an individual

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except ...

> (2) a debt secured by a lien that is
>   (A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and
>   (ii) not void under section 506(d) of this title; or ...

The debtor asserts that the lien may be avoided because it impairs his exemption. Section 522(f) provides in part as follows:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is
>   (1) a judicial lien; or
>   (2) a nonpossessory, nonpurchase-money security interest in any....

A "lien" is defined by the Code as a "charge against or interest in property to secure payment of a debt or performance of an obligation." § 101(37). "Statutory" and "judicial" liens are defined, respectively, as follows:

> § 101(53) "statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute;
>
> § 101(36) "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding;

> of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

A "security interest" means lien created by an agreement. § 101(51).

The hospital's lien arises solely by force of a statute, O.R.S. 87.555 et seq., which grants a hospital a lien on the funds a person receives for injuries suffered in an accident and for which the hospital rendered care, without need of further process. There is no need to resort to "judgment, levy, sequestration, or other legal or equitable process", nor is there any security agreement.

Thus, it is clear that the hospital's lien is a statutory lien; it is neither a judicial lien nor a "non-possessory, non-purchase money security interest ...". The debtor may not avoid the hospital's lien by utilizing § 522(f).

§ 522(h) provides in pertinent part:

The debtor may avoid a transfer of property of the debtor ... to the extent that the debtor could have exempted such property under § (g)(1) of this section ... if (1) such transfer is avoidable by the trustee under § ... 545 ... of this title ... and (2) the trustee does not attempt to avoid such transfer.

§ 545 allows the debtor to avoid certain statutory liens to the extent that the liens impair an exemption and the trustee does not seek to set aside the liens, i.e. the debtor may use his avoiding powers under § 522(h). In this case, however, § 545 has no application.[3]

The debtor may not avoid the hospital's lien by resort to the code.

*State law priority*

■ In the alternative, the debtor argues, that under Oregon law, the exemption provided for in O.R.S. 23.160 enjoys priority over the hospital's lien provided for in O.R.S. 87.555 et seq.

These two statutory provisions present two apparently conflicting legislative policies. One is that of providing some assurance to medical care-providers that if an injured party receives compensation for the injuries he suffers in an accident the funds thus received will be first used to reimburse the caregivers. The second is that the payments a debtor receives because of personal bodily injury (up to $7,500) and in compensation of loss of future earnings will not be subject to the claims of creditors.

There are three specific statutory exceptions to the coverage of the hospital lien.[4] The statute provides: ... "no such lien shall be valid against anyone coming under the Worker's Compensation Act." O.R.S. 87.555(1). In addition, no lien is provided for medical services rendered after a settlement of the debtor's personal injury claim and no lien is allowed against any sum for necessary attorney fees, costs and expenses incurred by the injured party in securing a settlement, compromise or judgment. O.R.S. 87.560.

Here, the Court must look to the law of the State of Oregon for guidance. The parties have not provided the Court with guidance as to what the legislature intended nor any authority from Oregon courts which would resolve this matter. Absent any such guidance, this Court must attempt to give full meaning to both statutes without doing violence to either.

The debtor argues that since the Oregon Legislature provided for three exceptions to the lien law, recited above, that the legislature must have intended that the exemptions be given priority due to the

---

**3.** § 545(1)(A–F) allow the trustee to avoid the fixing of a statutory lien only if the lien becomes effective upon the debtor's insolvency or other financial distress. The hospital lien provided for in this case becomes effective regardless of the debtor's financial condition. It is obvious that the hospital lien in this case is not for rent or distress for rent as provided for in § 545(3) or (4). Finally, since the parties have agreed that the lien was properly perfected, § 545(2) has no application.

**4.** O.R.S. 87.555(1) commences "Except as otherwise provided by law" ... The debtor contends that the phrase "except as otherwise provided by law" has no meaning unless there are exceptions to the application of the hospital's lien in addition to those already spelled out and described above. He maintains that the exemption provided for in O.R.S. 23.160 should be included in the "except as otherwise provided by law". The debtor also contends that his interpretation is correct given the equities of this case.

phrase "except as provided by law" appearing at the beginning of the statute (O.R.S. 87.555(1)).

This Court, however, is persuaded to the contrary, namely, that since the Oregon Legislature did provide for three exceptions to the lien law, it certainly could have provided for an exception for the personal injury exemption contained in O.R.S. 23.-160(j)(1)(B) and/or (C), had it so desired. Under the normal rules of statutory construction, the failure to provide for such an exception would lead this Court to conclude that the legislature did not intend that the exemption provided for in O.R.S. 23.160 take priority over the hospital lien.

This result is true in spite of the debtor's appeal to the "equities" of this matter. The obvious purpose of the hospital lien law is to give medical care providers a source of compensation for their services from the proceeds of a personal injury settlement. If the debtor's interpretation were to prevail, the hospital lien law would be almost completely useless since, in most cases, a personal injury settlement can be claimed as exempt under O.R.S. 23.-160(j)(1)(B) and (C) for bodily injury and loss of future earnings. In short, there would be very few instances when there would be any proceeds for the hospital lien to attach to.

It is noteworthy that most of the other bankruptcy courts to have considered similar hospital liens reach the same result that this Court reaches herein, following the same reasoning. See *In re Thorogood*, 22 B.R. 725 (Bankr.E.D.N.Y.1982); *In re Howard*, 43 B.R. 135 (Bankr.Md.1983); *In re Jannsen*, 42 B.R. 294 (Bankr.E.D.Va.1984); and *In re Smith*, 119 B.R. 714 (Bankr.N.D. 1990).[5]

## CONCLUSION

Due to the foregoing, Viking's objection to the debtor's claim of exemption in the

---

5. This Court acknowledges that *Connecticut v. Leach,* 15 B.R. 1005 (Bankr.Conn.1981) appears to be contrary to the cases cited above, reaching the opposite result where the state claimed a lien on a personal injury settlement against a debtor who had received child support payments under Aid To Families with Dependent

insurance proceeds should be sustained to the extent that Viking's claim to the proceeds has priority under the hospital liens assigned to it by the hospital. An order consistent herewith shall be entered.

Children pursuant to Connecticut law. To the extent that this case has any application on the question before this Court, this case appears to be a minority view and is rejected by this Court in favor of the apparent majority view set forth above.