In re Sophie SERRATO, Debtor.

Frank VOISENAT;  David A. Rafter;
Phyllis Rafter, Appellants,

v.

Suzanne L. DECKER;  David
M. McKim, Appellees.

No. 96–15592.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1997.

Decided July 1, 1997.

Phyllis N. Rafter and Marc Voisenat, Oakland, California, for the appellants.

Mark S. Bostick, Wendel, Rosen, Black & Dean, Oakland, California, and David M. McKim, Law Offices of David M. McKim, San Mateo, California, for the appellees.

Before: HUG, Chief Judge, CHOY and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

Appellants Frank Voisenat, Phyllis Rafter, and David Rafter appeal a decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's imposition of sanctions against appellants and grant of summary judgment to appellees Suzanne Decker and David McKim on Voisenat's adversary tort action.  The BAP entered judgment on January 22, 1996.  Appellants filed

their notice of appeal on March 14, 1996, 52 days after the entry of judgment.

This appeal presents a question of first impression, requiring us to determine whether a court-appointed bankruptcy trustee, who removes an adversary action from state court to bankruptcy court pursuant to the federal officer removal statute, 28 U.S.C. § 1442, is an officer of the United States for purposes of Rule 4(a) of the Federal Rules of Appellate Procedure. Our answer will dictate whether the parties to this litigation had 30 or 60 days in which to file their notice of appeal. As we hold that a bankruptcy trustee is an officer of the court, but not an officer of the United States, we dismiss this appeal as untimely.

■ Rule 4(a) of the Federal Rules of Appellate Procedure governs the time period in which a party must file its notice of appeal. Rule 4(a) provides, in pertinent part, that

in a civil case ... the notice of appeal ... must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.

Fed. R.App. P. 4(a). In this case, appellants' appeal is timely only if "the United States or an officer or agency thereof is a party."

Appellants' principal contention in support of the timeliness of their appeal, that the United States Trustee had an interest in the case, is unavailing. The U.S. Trustee became involved only after appellants improperly attempted to serve process on him. His sole appearance in this litigation was to argue—successfully—that the bankruptcy court should quash that service. It would substantially undermine Rule 4(a) to allow a party to subpoena the U.S. Trustee, however improperly, and thereby gain an additional 30 days in which to file a notice of appeal. As far as Rule 4(a) is concerned, the U.S. Trustee had no involvement in this litigation.

■ In the alternative, appellants suggest that Decker unfairly invoked the federal officer removal statute with her right hand while seeking the protection of a 30–day notice period with her left. At first blush, this argument has appeal: why can Decker claim federal officer status for purposes of removal, but not for purposes of a notice of appeal?

Our reading of the relevant statutory language suggests, however, that this claim also must fail. Though Decker did obtain removal pursuant to 28 U.S.C. § 1442, which bears the title "Federal Officers or Agencies Sued or Prosecuted," she did so pursuant to § 1442(a)(3), which by its terms is limited to "[a]ny officer of the courts of the United States," and stands in contrast to § 1442(a)(1), which permits removal by "any officer (or person acting under that officer) of the United States or of any agency thereof." We believe that Congress intended different treatment for an "officer of the courts" as compared to "any officer of the United States." As a court-appointed private bankruptcy trustee, Decker is an officer of the courts, but not an officer of the United States. Accordingly, the appropriate notice period was 30 days, not 60, and appellants did not timely file their notice of appeal.

We note, moreover, that the weight of relevant authority supports our result. The policy that underlies the 60–day notice period is the need "to allow time for several echelons of [government] authority to consider the proposed appeal." *Michaels v. Chappell*, 279 F.2d 600, 602 (9th Cir.1960). We would in no way advance this policy by permitting appellants in the instant case 60 days in which to file notice of their appeal.

In addition, acceptance of appellants' position would require a 60–day notice period in all bankruptcy cases with court-appointed trustees (which cases comprise a substantial portion of all bankruptcy cases generally). This result would be inconsistent with the intent of the drafters of Rule 4(a), who anticipated that, in general, an aggrieved party would have 30 days to appeal. *See* Fed. R.App. P. advisory committee notes to 1967 adoption (in cases involving private parties, "a successful litigant in a bankruptcy proceeding may ... oblige an aggrieved party to appeal within 30 days after entry of judgment").

Lastly, bankruptcy commentary instructs that, in most cases, the period for appeal from a bankruptcy judgment will be 30 days. *See, e.g.,* Thomas D. Crandall, et al., *The Law of Debtors and Creditors* ¶ 11.03[3][a], at 11–59 n. 213 (1991) ("Generally, notice of the appeal must be filed within thirty days after the date of entry of the judgment or order appealed from."); *Matter of Combined Metals Reduction Co.,* 557 F.2d 179, 203–04 (9th Cir.1977) (quoting extensively from 9 *Moore's Federal Practice* ¶ 204.10 at 925–26) ("We agree with Professor Moore that in bankruptcy proceedings, the United States should not be deemed a 'party,' for purposes of Fed. R.App. P. 4(a), unless it is a participant in the particular controversy which led to the appeal. Otherwise, the period for appeal will be sixty days in many cases where the longer period is not appropriate.").

We agree with appellees that the relevant authority compels the conclusion that a court-appointed trustee is not an officer of the United States, and, therefore, that appellants in the instant case lost their right to appeal by failing to file a notice of appeal within 30 days of the entry of judgment by the BAP.

DISMISSED.