**In re Richard J. POND and Lorrie A. Pond, Debtors.**

**Richard J. Pond and Lorrie A. Pond, Debtors,**

**v.**

**Farm Specialist Realty and Charles Livingston, Jr., Esq., Creditors.**

**No. 98–CV–413 (LEK).**

United States District Court, N.D. New York.

Feb. 25, 2000.

---

### DECISION AND ORDER

KAHN, District Judge.

This is an appeal from the final order and judgment of United States Bankruptcy Judge Robert E. Littlefield, Jr., entered in the United States Bankruptcy Court for the Northern District of New York.

### I. BACKGROUND

Debtors commenced this action contending that Bankruptcy Code §§ 506(a) and 1322(b) allow them to void the junior mortgages held by Creditors. Debtors alleged that the value of the encumbered real estate was less than the debt secured by the first mortgage. Debtors further asserted that since there was no collateral value equity beyond the first mortgage, the two junior mortgages were essentially unsecured, and thus could be voided.

Bankruptcy Judge Robert E. Littlefield, Jr., held that pursuant to Code § 1322(b)(2) a debtor cannot void a creditor's lien secured only by the principal residence of the debtor. *In re Pond*, No. 96–10015, 1998 WL 357149, at \*3 (Bankr. N.D.N.Y. Jan.29, 1998). Judge Littlefield determined that an analysis under § 506(a) was unnecessary after *In re Nobelman*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), because the Supreme Court rejected the rule of the last antecedent of statutory construction. Judge Littlefield relied upon the statement of the Supreme Court that Congress chose to use the word "claim" instead of "secured claim" thereby intending to protect the lienholder's entire claim.[1]

### II. DISCUSSION

In order to determine the proper treatment of an unsecured mortgage holder, two issues need to be examined. First, this Court must determine whether an unsecured homestead mortgage holder is a secured creditor, or the holder of a secured claim. Second, it must be determined whether 11 U.S.C. § 1322(b) prohibits modification of the rights of a holder of a secured claim as opposed to that of a secured creditor.

In *Nobelman* the Supreme Court held that a mortgage secured only by a lien on a debtor's personal residence, and which contained both secured and unsecured components, could be bifurcated. However, the Supreme Court also found that while 11 U.S.C. § 506(a) is the proper mechanism to classify claims in chapter 13, the consequences of such treatment are left to the provisions of chapter 13 of the

---

1. "It is also plausible, therefore, to read 'a claim secured only by a [homestead lien]' as referring to the lienholder's entire claim, in-

cluding both the secured and unsecured components of the claim." 508 U.S. at 331, 113 S.Ct. 2106.

Bankruptcy Code, such as 11 U.S.C. § 1322(b).

In *In re Woodhouse,* 172 B.R. 1 (Bankr. D.R.I.1994), the court found that a second mortgage holder held an unsecured claim because the debtor's homestead had a market value less than the value of the first mortgage on the property. The court further found that the second mortgage holder was "in every sense the holder of an unsecured claim, and any 'rights' it may assert under *Nobelman* by virtue of its security documents [were] illusory, hypertechnical, and possibly relevant only in law review articles." *Id.* at 2.

Under 11 U.S.C. § 506(a), the Bankruptcy Code defines a secured claim as:

An allowed claim of the creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent of the value such creditor's interest ... is less than the amount of such allowed claim.

In addition to defining a secured claim, the Bankruptcy Code provides the mechanism for valuing the creditor's interest in the property. In conjunction with 11 U.S.C. § 506(a), B.R. 3012 provides for judicial valuation of the collateral to determine the status of a claim after a hearing on notice.

According to § 1322(b)(2), generally secured and unsecured claims can be modified through a chapter 13 plan; there is, however, an exception for creditors holding claims secured only by a security interest in the principal residence of the debtors. The Supreme Court interpreted the exception to modification and held that the rights of a mortgagee holding a claim partially secured by the debtor's principal residence were protected from modification. *In re Nobelman,* 508 U.S. at 332, 113 S.Ct. 2106. There is a continuing dispute among the courts as to whether a debtor can modify the rights of a mortgagee whose claim is completely unsecured. A majority of courts have interpreted *Nobel-*

*man* as indicating that a mortgagee must first qualify under Code § 506(a) as a holder of a secured claim in order to obtain the protection of Code § 1322(b)(2). *See, e.g., In re Scheuer,* 213 B.R. 415, 417–18 (Bankr.N.D.N.Y.1997) (Gerling, Bankr. C.J.); *In re Hornes,* 160 B.R. 709, 710 (Bankr.D.Conn.1993). The minority position argues that the rights of all mortgagees are entitled to the protection of Code § 1322(b)(2), even if they hold completely unsecured claims. *See, e.g., In re Bauler,* 215 B.R. 628, 632 (Bankr.D.N.M.1997).

In *In re Scheuer,* 213 B.R. at 418, the court based on two grounds its conclusion that a creditor must hold a secured claim in order to obtain the protection of Code § 1322(b)(2). First, the court emphasized that *Nobelman* discussed the interrelationship of Code §§ 506(a) and 1322(b)(2) and, in fact, applied Code § 506(a) before determining that the bank's rights were protected from modification.

The *Scheuer* court observed the underlying premise of the Supreme Court's holding in *Nobelman* that the mortgagee held a claim that contained secured and unsecured components according to Code § 506(a). *Id.* Additionally, the court in *Scheuer* pointed out that the Supreme Court wanted to give "effect to § 506(a)'s valuation and bifurcation of secured claims through a Chapter 13 plan." *Id.* (citing *Nobelman,* 508 U.S. at 332, 113 S.Ct. 2106). The court found that "only if it is determined that the creditor has a secured claim that the rights protected under Code § 1322(b)(2) then extend to any unsecured portion of its claim as well." *Id.* at 419, 113 S.Ct. 2106.

The second basis for the court's decision in *Scheuer* was that the Supreme Court's holding in *Nobelman* did not apply to a situation where the mortgagee holds a claim that is completely unsecured. The court pointed out that *Nobelman* concerned a claim of a mortgagee that was secured in part, which was a significant fact upon which the Supreme Court based

its reasoning that mortgagees that are partially unsecured are entitled to the protection of Code § 1322(b)(2). *In re Cerminaro,* 220 B.R. 518, 523 (Bankr.N.D.N.Y. 1998) (Gerling, Bankr.C.J.) (citing *Scheuer,* 213 B.R. at 419). In *Scheuer,* 213 B.R. at 418, the court noted that the Supreme Court's discussion of the "rights" of a mortgagee, which the minority of courts rely on for support, was in the context of a determination that the mortgagee held a claim that consisted of unsecured and secured components.[2] The court observed a concern of the Supreme Court that the secured portion of mortgagee's claim would necessarily be effected by the modification of the unsecured portion. *See id.* (citing *Nobelman,* 508 U.S. at 331, 113 S.Ct. 2106). Therefore, the court found that the same rationale that warranted the protection of the mortgagee who holds a partially secured claim does not apply to a mortgagee holding a claim that is totally unsecured. *See id.* Subsequent to the *Scheuer* decision, courts addressing the issue continue to align with the majority position. *See, e.g., In re Cerminaro,* 220 B.R. at 523; *In re Lam,* 211 B.R. 36, 41 (9th Cir. BAP 1997); *In re Cervelli,* 213 B.R. 900, 909 (Bankr.D.N.J.1997).

The Court finds Judge Littlefield's analysis unpersuasive and his conclusions incorrect. While the rule of the last antecedent was rejected by the Supreme Court in *Nobelman,* it does not follow that the Supreme Court implicitly dismissed the necessity of an analysis under § 506(a). *Nobelman* reasoned that this rule of statutory construction did not compel a determination that only the secured portion of a claim is protected from modification. *Nobelman* did not, however, hold that the exception to modification clause applies to holders of claims that are completely unsecured. *In re Cerminaro,* 220 B.R. at 524 (citing *In re Hornes,* 160 B.R. 709, 714 (Bankr.D.Conn.1993)).

**2.** "The bank's contractual rights are contained in a unitary note that applies at once to the bank's overall claim, including both the

The Court concludes that *Scheuer* and *Cerminaro* hold that a holder of a security interest in the debtors' principal residence that is determined to have a completely unsecured claim is not entitled to the protection of Code § 1322(b)(2).

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that the Bankruptcy Court's decision is **REVERSED** in its **ENTIRETY**; and it is

FURTHER ORDERED that the Clerk of the Court shall serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.

secured and unsecured components." *Nobelman,* 508 U.S. at 331, 113 S.Ct. 2106.