In re Perry Hollow Manag. Co.          CV-00-570-JD  03/27/01

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


In re:  Perry Hollow
Management Company


Yamaha Motor Corporation, USA

    v.                                    Civil No. 00-570-JD
                                           Opinion No. 2001 DNH 062
Jeffrey A. Schreiber,
Chapter 11 Trustee, et al.


O R D E R


Yamaha Motor Corporation, USA appeals decisions of the bankruptcy court in an adversary proceeding involving Yamaha's security interest in golf carts, which were part of the bankruptcy estate of the debtors, Perry Hollow Golf Club, Inc. and Perry Hollow Management Company, Inc.[1]  The bankruptcy court granted a motion for summary judgment filed by Jeffrey A. Schreiber in his capacity as Chapter 11 Trustee for Perry Hollow to avoid Yamaha's security interest in the carts.  The bankruptcy court denied Yamaha's motion for relief from the automatic stay and a motion to stay the sale of the golf carts pending appeal.

---

[1]The two entities will be referred to collectively as "Perry Hollow."

## Background

Yamaha and Perry Hollow entered a conditional sales agreement in March of 1996 for the purchase of seventy-two golf carts.[2] The agreement provided for eighteen payments between June of 1996 and August of 2001. The golf carts were delivered to Perry Hollow for the 1996 summer season. Paperwork and correspondence generated during the transaction list Perry Hollow's address as 250 Perry Hollow Road, Wolfeboro, New Hampshire. Yamaha filed UCC-1 financing statements at the office of the New Hampshire Secretary of State and the town of Wolfeboro, New Hampshire.

By September of 1996, Perry Hollow was in arrears on its payments owed to Yamaha under the agreement. Yamaha, through an agent, brought a replevin action to recover the golf carts. The application for a writ of replevin was filed in Merrimack County Superior Court. In the application, Perry Hollow's address was listed as 250 Perry Hollow Road, Wolfeboro, New Hampshire. The superior court issued the writ of replevin, and the golf carts were repossessed. Perry Hollow made up its arrearage before the summer of 1997, and the golf carts were returned to Perry Hollow.

In October of 1999, Perry Hollow filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.

---

[2]Because the golf carts were gas-powered not electric, Yamaha has referred to them as cars rather than carts.

Perry Hollow continued to operate the golf club, as debtor in possession, until April of 2000 when Jeffrey Schreiber was appointed to serve as Chapter 11 Trustee of Perry Hollow.

In the course of the bankruptcy proceeding, the Trustee moved for summary judgment to avoid Yamaha's security interest in the golf carts pursuant to 11 U.S.C.A. § 544. The Trustee argued that Yamaha failed to perfect its security interest because the UCC-1 financing statement was filed in Wolfeboro rather than New Durham, New Hampshire, where Perry Hollow was located and did business. In support of the motion, the Trustee filed the affidavit of Edward Paquette, an officer and director of Perry Hollow, who stated that Perry Hollow was located and did business in New Durham, New Hampshire, not Wolfeboro. A certificate of liability insurance attached to the affidavit listed New Durham as Perry Hollow's address.

Yamaha filed a cross motion for summary judgment seeking to establish the validity of its security interest in the golf carts and to be granted relief from the automatic stay. Yamaha asserted that it had justifiably relied on the Wolfeboro address used by Edward Paquette on behalf of Perry Hollow in dealings with Yamaha and, therefore, that Yamaha was not strictly bound by the requirements for perfecting a security interest pursuant to New Hampshire Revised Statutes Annotated ("RSA") 382-A:9-401. Yamaha also argued that the state replevin action established

3

that Wolfeboro was the location of the golf carts and that the Trustee was barred from relitigating the issue.

The bankruptcy court granted the Trustee's motion for summary judgment and denied Yamaha's cross motion on October 17, 2000. On November 14, 2000, the bankruptcy court granted the Trustee's motion for authorization to sell the golf carts free and clear of encumbrances or interests of any kind. On November 26, 2000, Yamaha filed notices of appeal from the bankruptcy court's rulings on the summary judgment motions and moved for a stay of the court's order authorizing sale of the golf carts, pending the appeals.[3] The bankruptcy court denied Yamaha's motion for a stay, see In re: Perry Hollow Golf Club, Inc., 2000 WL 1854779 (Bankr. D.N.H. Nov. 28, 2000). Yamaha appealed that decision as well, and all three appeals were consolidated into the present appeal to this court.


## Standard of Review

On appeal, this court reviews the bankruptcy court's legal conclusions under a de novo standard. See In re I Don't Trust, 143 F.3d 1, 3 (1st Cir. 1998). In contrast, the bankruptcy court's factual findings and applications of properly construed

---

[3]Although the two appeals appear to be identical in substance, one was taken from the bankruptcy proceeding, BK-99-13373, and the other from the adversary proceeding, Adv.-99-1089.

law to fact are entitled to deference and will not be set aside unless they are proven to be clearly erroneous. See Fed. R. Bankr. P. 8013; In re Winthrop Old Farm Nurseries, 50 F.3d 72, 73 (1st Cir. 1995). Deferential review of the bankruptcy court's factual findings recognizes the bankruptcy judge's superior position to evaluate the credibility of witnesses and to make difficult judgment calls. See In re I Don't Trust, 143 F.3d at 4; Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997).

## Discussion

Most of the issues raised by Yamaha on appeal pertain to the bankruptcy court's decision that Yamaha failed to perfect its security interest in the golf carts when it filed the UCC-1 financing statement in Wolfeboro and not in New Durham. Yamaha also challenges the bankruptcy court's decision to deny Yamaha's request for a stay pending appeal and to waive the ten-day stay allowed by Bankruptcy Rule 6004(g). The Trustee filed a brief in support of the bankruptcy court's decisions.

## A. Avoidance of Yamaha's Security Interest

A bankruptcy trustee may avoid a creditor's unperfected security interest in property of the debtor. See 11 U.S.C.A. § 544; see also In re Fullop, 6 F.3d 422, 426 (7th Cir. 1993); In re Sports Enter., Inc., 38 B.R. 282, 283 (Bankr. D.N.H. 1984).

5

The parties agree that RSA 382-A:9-401 provides the procedure by which a creditor perfects a security interest in collateral such as the golf carts at issue in this case. Therefore, to perfect its security interest in the golf carts, Yamaha was required to file a UCC-1 statement "in the office of the secretary of state and in addition, if the debtor has a place of business in only one town of this state, also in the office of the clerk of such town, . . . ." RSA 382-A:9-401(1)(c) (1994).

The bankruptcy court found that Perry Hollow's place of business was New Durham, New Hampshire, and that Perry Hollow had only one place of business.[4] The court concluded that Yamaha's security interest was not perfected since it was filed in Wolfeboro rather than in New Durham. Yamaha argues that the bankruptcy court erred because the justifiable reliance standard established in Field v. Mans, 516 U.S. 59 (1995), should have been applied in this case; Yamaha did perfect its security interest due to its "substantial compliance" with the statutory

---

[4]To the extent Yamaha challenges the bankruptcy court's factual finding that Perry Hollow's single place of business was in New Durham, New Hampshire, rather than Wolfeboro, Yamaha has not presented any developed argumentation on the issue. In his findings made orally after the hearing on the motions, the bankruptcy judge stated that it was uncontested that Perry Hollow was located in New Durham and not Wolfeboro. The uncontradicted affidavit of Edward Pacquette that Perry Hollow's only place of business was located in New Durham provides more than sufficient support for the bankruptcy court's finding to withstand review under the clearly erroneous standard.

requirements; the state replevin action established Wolfeboro as Perry Hollow's place of business through res judicata principles; and the court failed to "look through form to substance."

### 1. Justifiable reliance.

In Field v. Mans, the Supreme Court ruled that a creditor challenging a discharge based on fraud, pursuant to 11 U.S.C.A. § 523(a)(2)(A), must show "justifiable, but not reasonable, reliance" on the debtor's misrepresentations. 516 U.S. at 74-75. Yamaha has not cited, and the court has not found, any case that applied the Field analysis in the context of a proceeding under 11 U.S.C.A. § 544 to avoid a creditor's security interest under state secured transactions law. Since the Field analysis specifically addresses the meaning and legislative intent of the fraud exception under § 523(a)(2)(A), Field cannot be interpreted to add a fraud exception to the requirements of RSA 382-A:9-401 or § 544, as Yamaha urges in this case.

### 2. Substantial compliance.

Yamaha argues that RSA 382-A:9-401 does not require strict compliance with the specified filing procedure as long as the filing substantially complied with statutory requirements. Yamaha urges that filing in Wolfeboro should be deemed to be substantial compliance because the error was minor and was not

misleading. Yamaha analogizes its error to a creditor's omission of certain identifying information from applications for certificates of title used to perfect security interests in motor vehicles. See In re Circus Time, Inc., 641 F.2d 39, 42-43 (1st Cir. 1981). Absent guidance from the New Hampshire Supreme Court, this court will not construe RSA 382-A:9-401 to permit filing in a town the creditor believes to be the location of the debtor's place of business, rather than in the town that is the location of the debtor's business.[5] See In re Covey, 66 B.R. 459, 460 (Bankr. D.N.H. 1986); In re Sports Enter., 38 B.R. at 283.

### 3. Res judicata.

In a bankruptcy case, as in other actions, 28 U.S.C.A. § 1738 requires a federal court to give a state court judgment the same preclusive effect it would be given by the state where the judgment was rendered. See In re Fordu, 201 F.3d 693, 703 (6th Cir. 1999). Although Yamaha invokes the doctrine of res judicata or claim preclusion, its argument actually depends upon the doctrine of collateral estoppel or issue preclusion. See, e.g., Blevens v. Town of Bow, 2001 WL 206027, at *5 (N.H. March 1,

---

[5]Yamaha makes no argument based on RSA 382-A:9-401(2), and, therefore, that issue, even if it were applicable, is deemed waived.

8

2001) (discussing res judicata); <u>Grossman v. Murray</u>, 141 N.H. 265, 269 (1996) (contrasting collateral estoppel and res judicata). The doctrine of collateral estoppel under New Hampshire law consists of the following:

> Collateral estoppel precludes the relitigation by a party in a later action of any matter actually litigated in a prior action in which he or someone in privity with him was a party. For it to apply in a particular proceeding, the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared in the first action, or have been in privity with someone who did so. Further, the party to be estopped must have had a full and fair opportunity to litigate the issue, and the finding must have been essential to the first judgment.

<u>Warren v. Town of East Kingston</u>, 761 A.2d 465, 467 (N.H. 2000) (quotations omitted). "Privity requires virtual representation and substantial identity, such that the interests of the non-party were in fact represented and protected in the prior litigation." <u>Aranson v. Schroeder</u>, 140 N.H. 359, 368 (1995) (quotations omitted).

Yamaha argues that because the complaint in the replevin proceeding alleged that the golf carts were located in Wolfeboro, the order of the Merrimack County Superior Court issuing the writ of replevin established that the golf carts were located there. The bankruptcy court ruled that the issue of whether Yamaha perfected its security interest was not litigated in the replevin proceeding. The court also noted that the replevin proceeding

9

was brought in Merrimack County rather than Stratham County, where the golf carts were located. In opposition to Yamaha's appeal, the Trustee argues that Merrimack County Superior Court lacked jurisdiction over the replevin proceeding, that the writ was subject to further proceedings and was not final pursuant to RSA 536-A:5, that the Trustee was not a party and does not share the interests of the debtor in the replevin action, and that the issues in the two actions are not identical.

Yamaha has not shown that the issue of the location of Perry Hollow, within the meaning of RSA 382-A:9-401, was litigated and resolved in a final judgment on the merits in the replevin proceeding. Instead, it appears that neither the location of the golf carts nor the location of Perry Hollow's place of business was at issue in the replevin action. Further, Judge Manias's order (the date is illegible) in the replevin action demonstrates that issuance of the writ was merely preliminary and not a final judgment:

> After hearing the court finds that the plaintiffs have shown with reasonable probability that they are entitled to possession, use and disposition of the property pending final adjudication of the claims of the parties. A prejudgment writ of replevin shall issue when the plaintiffs have filed with the court a bond with sufficient sureties, approved by the court, in the amount of $300,000.00.

Yamaha's Mem. in support of Sum. Judg. Ex. I. Yamaha acknowledges that the golf carts were returned without further

10

court proceedings when Perry Hollow became current on its payments. Therefore, the writ of replevin proceeding neither litigated the identical issue nor resolved <u>any</u> issue in a final judgment.

In addition, Yamaha has not addressed the fact that the Trustee was not a party to the replevin action. The party asserting the preclusive effect of prior litigation bears the burden of proving that the party to be bound was a party or in privity with a party to the prior litigation. <u>See</u> <u>Gephart v. Daigneault</u>, 137 N.H. 166, 172-73 (1993). Since a trustee ordinarily represents the interests of creditors, not the debtor, <u>see, e.g.</u>, <u>Fordu</u>, 201 F.3d at 705, and Yamaha has presented no contrary argument, the Trustee would not be bound by any preclusive effect from the replevin proceeding.

### 4. Looking through form to substance.

Yamaha contends, "[i]n making its determination, the Bankruptcy Court in the case at bar did not look through form to substance when it granted the Trustee's Motion for Summary Judgment." Yamaha's Brief at 19. Yamaha does not make clear what form or substance it believes the bankruptcy court overlooked. In the bankruptcy proceeding, the Trustee argued that the court should look at the substance of the parties' agreement as a secured installment sales transaction rather than

11

its form as a lease.  In response, the court found that in the transaction with Perry Hollow, Yamaha "took a security interest" in the golf carts rather than leasing them.

The bankruptcy court, therefore, <u>did</u> look through form to substance and correctly found, based on Yamaha's efforts to perfect a security interest, that the nature of the transaction was a secured installment sales transaction rather than a lease. All of Yamaha's actions with respect to the transaction support the bankruptcy court's finding that it was a sale and not a lease.[6]  Yamaha has not shown that the bankruptcy court's findings were clearly erroneous nor has Yamaha referenced an applicable contrary legal standard.[7]  To the extent Yamaha argues that the court's decision was unfair because, as a result, Yamaha was reduced to the status of an unsecured creditor and would not be paid for Perry Hollow's use of the carts during the

---

[6]The Trustee notes in its brief that Yamaha failed to deny the allegations in the complaint that the transaction was a sale and not a lease.

[7]<u>In re OMNE Partners II</u>, 67 B.R. 793 (Bankr. D.N.H. 1986), cited by Yamaha, involved a question as to whether a sale-leaseback of realty should be construed as a disguised financing transaction.  Under the specific facts of that case and the high standard applicable to exercising equity power in transactions involving realty, the court found that the debtor had not demonstrated that the transaction should be recharacterized as a financing transaction.  <u>See</u> <u>id.</u> at 795-97.  In this case, the transaction did not involve realty and the facts demonstrated that the parties intended a secured sales transaction and not a lease.

12

summer of 2000, that argument is not sufficiently made or supported to permit review.  See, e.g., United States v. Rodriguez, 215 F.3d 110, 124 (1st Cir. 2000); King v. Town of Hanover, 116 F.3d 965, 970 (1st Cir. 1997).

B.  Stay Pending Appeal

Yamaha contends that the bankruptcy judge erred in waiving the ten-day stay period provided in Bankruptcy Rule 6004(g) in conjunction with the court's order authorizing the sale of the golf carts.[8]  Rule 6004(g) provides:  "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise."  The Advisory Committee notes explain that the ten-day stay is to give a party time to request a stay pending appeal of an order authorizing the sale of

---

[8]Yamaha moved for stay pending appeal only as to the order authorizing the sale of the carts.  Although Yamaha did not move for a stay pending appeal from the summary judgment orders, the bankruptcy court considered those matters in the context of deciding not to grant a stay pending appeal of its decision to authorize the sale.  On appeal, Yamaha listed issues challenging the bankruptcy court's decision to authorize the sale, to deny its motion for a stay pending appeal of that order, and to waive the ten-day stay provided by Rule 6004(g).  Since Yamaha briefed only the issue challenging the bankruptcy court's decision to waive the automatic ten-day stay under Rule 6004(g), the other issues are deemed waived.  See King, 116 F.3d at 970; Cumberland Farms, Inc. v. Montague Econ. Dev. and Indus. Corp., 78 F.3d 10, 12 (1st Cir. 1996).

property.  See also In re Quanalyze Oil & Gas Corp., 250 B.R. 83, 88 (Bankr. W.D. Tex. 2000).

At the close of the hearing on the Trustee's motion for authorization to sell the golf carts, held on November 14, 2000, the Trustee asked the court to waive the 10-day stay under Rule 6004(g) to permit the carts to be sold the next day.  In support, the Trustee pointed out that Yamaha agreed that the sale price was reasonable and that the buyer was ready for the sale to be held the next day.  The Trustee also argued that the present owner of the golf club wanted the carts removed and would probably charge to keep the carts in their present location any longer.

Yamaha has offered nothing to counter the factual bases for waiving the ten-day stay presented by the Trustee at the hearing. Based on the record, the bankruptcy court's decision to waive the Rule 6004(g) stay was not clearly erroneous.

Any other issues that may be been listed by Yamaha in its statement of issues for appeal or in the conclusion of its brief were not supported with developed briefing and, therefore, are not reviewed on appeal.  See King, 116 F.3d at 970.

## Conclusion

For the foregoing reasons, the decisions of the bankruptcy court granting summary judgment in favor of the Trustee, denying

Yamaha's cross-motion for summary judgment, and waiving the Rule 6004(g) stay are affirmed.  Issues raised only in the statement of issues or in the conclusion of Yamaha's brief are deemed waived.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

March 27, 2001

cc:  David P. Azarian, Esquire
     James S. LaMontagne, Esquire
     Edward C. Dial Jr., Esquire
     Diane M. Puckhaber, Esquire
     Geraldine L. Karonis, Esquire
     Jeffrey Schreiber, Esquire
     George Vannah, Clerk, USBC