# United States Court of Appeals

## For the First Circuit

Nos. 01-1747
     01-1841

IN RE: PERRY HOLLOW MANAGEMENT COMPANY, INC., A/K/A
PERRY HOLLOW MGMT. CORP.; PERRY HOLLOW GOLF CLUB, INC.,
Debtors

YAMAHA MOTOR CORPORATION, USA,
Appellant,

YAMAHA MOTOR CO., LTD.,
Plaintiff,

v.

PERRY HOLLOW MANAGEMENT COMPANY, INC. A/K/A/
PERRY HOLLOW MGMT. CORP.; PERRY HOLLOW GOLF CLUB, INC.,
Debtors, Appellees,

JEFFREY A. SCHREIBER,
Chapter 11 Trustee, Appellee,

GERALDINE L. KARONIS,
Assistant U.S. Trustee.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Torruella, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lynch, Circuit Judge.

Diane M. Puckhaber, with whom Perkins & Puckhaber, P.A. was on
brief, for appellant.
     Edward C. Dial, Jr., with whom Jeffrey A. Schreiber and

Schreiber & Associates, P.C. were on brief, for appellee.

Robert D. Kamenshine, Attorney, Appellate Staff Civil Division, with whom Robert D. McCallum, Jr., Assistant Attorney General and William Kanter, Attorney, Appellate Staff Civil Division, were on brief for the United States Trustee.

_____

July 23, 2002

_____

**TORRUELLA**, **Circuit Judge**. Yamaha Motor Corporation, USA ("Yamaha"), appeals from the judgment entered by the District Court for the District of New Hampshire. The judgment affirmed the bankruptcy court's decision to set aside Yamaha's security interest in and allow the sale of seventy-two golf carts, which were part of the bankruptcy estate of Perry Hollow Golf Club, Inc. and Perry Hollow Management Company, Inc. (collectively "Perry Hollow"). For the reasons discussed below, we affirm the district court's judgment.

## I. Factual and Procedural Background

On or about March 24, 1996, Yamaha and Perry Hollow entered into a conditional sales agreement for the purchase of seventy-two golf carts. The agreement required Perry Hollow to make eighteen equal payments between June of 1996 and August of 2001. The paperwork and correspondence generated during the transaction listed Perry Hollow's address as 250 Perry Hollow Road, Wolfeboro, New Hampshire. Yamaha, through an agent, delivered the golf carts to Perry Hollow Country Club, which was actually located at 250 Perry Hollow Road, New Durham, New Hampshire. Pursuant to a security interest in the golf carts accorded to Yamaha under the agreement, Yamaha filed UCC-1 financing statements with the New Hampshire Secretary of State and with the clerk of the town of Wolfeboro, New Hampshire to protect its status as a secured creditor.

In October of 1999, Perry Hollow filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy

-3-

Code.  Perry Hollow continued to operate the golf club as a debtor-in-possession until April of 2000, when Jeffrey A. Schreiber was appointed as Chapter 11 Trustee ("Trustee") for Perry Hollow.

During the course of the bankruptcy proceedings, the Trustee moved for summary judgment against Yamaha on the grounds that the Trustee, pursuant to 11 U.S.C. § 544(b),[1] may avoid Yamaha's security interest in the golf carts because it was unperfected.  The Trustee argued that Yamaha failed to perfect its security interest inasmuch as the UCC-1 financing statement was filed in the wrong town.  Yamaha filed in Wolfeboro, but Perry Hollow is located in New Durham.  In response, Yamaha filed a cross-motion for summary judgment seeking to establish the validity of its security interest.

On October 17, 2000, the bankruptcy court granted the Trustee's motion for summary judgment and denied Yamaha's cross-motion.  Yamaha appealed.  On October 30, 2000, the Trustee filed a motion for authorization to sell the golf carts free and clear of any liens or encumbrances.  Yamaha filed a motion in opposition. After a hearing, in which Assistant U.S. Trustee Geraldine Karonis ("AUST Karonis") participated, the bankruptcy court granted the Trustee's motion as well as his request to waive the ten-day automatic stay, pursuant to Bankruptcy Rule 6004(g).[2]  On November

---

[1]  Section 544(b) provides: "The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim . . . ."  11 U.S.C. § 544(b).

[2]  This rule states that, "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the

26, 2000, Yamaha filed another notice of appeal from the bankruptcy court's rulings and moved for a stay of the sale pending appeal. The bankruptcy court denied Yamaha's motion for a stay. See In re Perry Hollow Golf Club, Inc., Nos. 99-13372-MWV, 99-13373-MWV, 2000 WL 1854779 (Bankr. D.N.H. Nov. 28, 2000). Yamaha appealed that decision as well. On January 8, 2001, the district court consolidated the appeals "for all purposes."

On March 27, 2001, the district court entered judgment against Yamaha, affirming the bankruptcy court's decisions. See In re Perry Hollow Mgmt. Co., 260 B.R. 58 (D.N.H. 2001). Yamaha moved for a stay of the district court's judgment pending appeal to this Court. On May 8, 2001, the district court denied Yamaha's motion on the ground that Yamaha was unlikely to succeed on appeal. On May 14, 2001, Yamaha filed a notice of appeal, challenging both the district court's March 27 judgment and the May 8 order denying a stay.

This Court issued an order directing Yamaha to show cause why its appeal from the March 27 judgment should not be dismissed as untimely pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A).[3] On January 9, 2002, upon review of the parties' arguments, this Court issued an order stating that there was an arguable basis for finding the appeal timely under Federal Rule of Appellate Procedure 4(a)(1)(B) and permitting the appeal to

expiration of 10 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(g).

[3] Rule 4(a)(1)(A) requires a notice of appeal to be filed within thirty days of the judgment in a civil case.

proceed.  However, the order instructed the parties to brief this jurisdictional issue along with the merits of the case.[4]

## II. Discussion

### A. Standard of Review

In an appeal from the district court reviewing proceedings before the bankruptcy court, we independently review the bankruptcy court's decision, applying the "clearly erroneous" standard to findings of fact and de novo review to conclusions of law.  In re SPM Mfg. Corp., 984 F.2d 1305, 1310-11 (1st Cir. 1993).  No special deference is owed to the district court's determinations.  See id. at 1311.

### B. Jurisdictional Issue

Before we can reach the merits of appellant's claims, we must first determine that we are vested with jurisdiction.  Yamaha filed the instant appeal forty-eight days after the district court entered judgment.  Federal Rule of Appellate Procedure 4(a)(1)(A) provides a default thirty-day deadline for filing an appeal in a civil case.  However, "[w]hen the United States or its officer or agency is a party" in the case, then the appellant has sixty days after the judgment to file a notice of appeal.  Fed. R. App. P. 4(a)(1)(B).  Although the parties no longer contest the timeliness of this appeal,[5] the timely filing of an appeal is "mandatory and

---

[4]  Despite this Court's clear directive, Yamaha failed to brief this issue.

[5]  Earlier in the proceedings the U.S. Trustee argued that the thirty-day rule applied to this appeal because the U.S. Trustee,

jurisdictional." Acevedo-Villalobos v. Hernández, 22 F.3d 384, 387 (1st Cir. 1994) (internal quotation marks omitted). Therefore, unless the sixty-day rule applies, we must dismiss for lack of jurisdiction. See id. (noting that court "lack[s] jurisdiction over late appeals").

The United States, its officer, or agency is a "party" to a case not only where it is a named party to the appeal, see In re Lloyd, Carr, & Co., 617 F.2d 882, 884 n.1 (1st Cir. 1980), but also where it has actively participated in the proceedings, see id.; cf. In re Serrato, 117 F.3d 427, 429 (9th Cir. 1997) (holding that U.S. Trustee did not become party merely by his involuntary appearance to quash a summons).

This appeal encompasses challenges to two separate bankruptcy court proceedings, which the district court consolidated "for all purposes." The first is an adversary proceeding, see Fed. R. Bankr. P. 7001, challenging the validity of Yamaha's security interest in the golf carts. The second is a contested matter, see Fed. R. Bankr. P. 9014, in which Yamaha opposed the Trustee's motion for authorization to sell the golf carts.

In the adversary proceeding, the only participants were Yamaha and the Trustee. Because the Trustee is a private bankruptcy trustee, who is not employed by the United States government, the Trustee is not an officer of the United States. See In re Serrato, 117 F.3d at 428; 28 U.S.C. § 586(a)(1)

_____

despite being an agency of the United States, was not a "party" to the instant appeal. The U.S. Trustee has now changed its position.

(providing that U.S. Trustee is responsible for maintaining a panel of "private trustees" for Chapter 7 cases). Therefore, the sixty-day rule was not applicable to the adversary proceeding.

The contested matter, although primarily between Yamaha and the Trustee, involved a third party as well. AUST Karonis, exercising the U.S. Trustee's discretionary right to "raise," "appear," or "be heard on any issue" in a bankruptcy proceeding, see 11 U.S.C. § 307, cross-examined the potential buyer of the golf carts regarding his financial capacity. By so doing, AUST Karonis, and, therefore, the U.S. Trustee, an agency of the United States, see Joelson v. United States, 86 F.3d 1413, 1417 (6th Cir. 1996), became a party to the contested matter. See In re Lloyd, Carr & Co., 617 F.2d at 883 n.1 (explaining that "the government's participation here was sufficiently active . . . to invoke the 60-day limit"). As a result, the sixty-day period applied to the appeals of the contested matter.

Because the contested matter and the adversary proceeding were consolidated "for all purposes," the sixty-day limit governing the contested matter extends to the entire consolidated case. See In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987) (finding that where the United States was a party to one case, the sixty-day rule applied to the other case if the cases were consolidated); cf. Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc., 181 F.3d 174, 182 (1st Cir. 1999) (holding that consolidated cases should be treated as single action for purposes of determining res judicata). Therefore, because Yamaha filed its notice of appeal

-8-

within sixty days of the district court's judgment, its appeal is timely, and we can proceed to the merits of the case.

## C. Perfection of the Security Interest

New Hampshire law provides that a creditor, to perfect a security interest, must file a UCC-1 financing statement with the Secretary of State and, if the debtor conducts business in only one town within the state, also with the clerk of such town. See N.H. Rev. Stat. Ann. § 382-A:9-401(1)(c) (1994).[6] When a debtor conducts business in more than one town within the state, then a creditor need only file a UCC-1 financing statement with the Secretary of State. See id. The bankruptcy court determined, and the district court affirmed, that Yamaha's security interest was not perfected according to New Hampshire state law inasmuch as Yamaha did not file a UCC-1 financing statement with the clerk of the town of New Durham, the town where Perry Hollow conducted business.

On appeal, Yamaha offers three theories to support its claim that filing in Wolfeboro was sufficient to perfect its security interest. First, Yamaha argues that it was not required to file in New Durham because Perry Hollow conducted business in more than one town within the state. Second, Yamaha contends that even if it was required to file in New Durham, it "substantially

---

[6] This statute has since been amended, taking effect on July 1, 2001, to eliminate the requirement of having to file the financing statement with the clerk of the town. See N.H. Rev. Stat. Ann. § 382-A:9-501(a)(2) (Supp. 2001). This amendment, however, has no bearing on this case.

complied" with the filing requirements so as to perfect its security interest.  Third, Yamaha claims that it justifiably relied on Perry Hollow's representations that it was located in Wolfeboro, thereby excusing Yamaha's failure to file in New Durham under <u>Field</u> v. <u>Mans,</u> 516 U.S. 59 (1995).

Yamaha argues that because Perry Hollow had a mailing address in Wolfeboro and a physical location in New Durham, Perry Hollow was conducting business in more than one town in the state, thereby relieving Yamaha of the duty to file a financing statement with anyone other than the Secretary of State.  The bankruptcy court, however, found that Perry Hollow does business only in one town within New Hampshire.  Given that the Wolfeboro address was only a mailing address, we cannot say that this finding was clearly erroneous.  Therefore, under New Hampshire law, Yamaha had to file a financing statement with both the Secretary of State <u>and</u> the clerk of the town of New Durham to perfect its security interest.

Relying on <u>In re Circus Time</u>, 641 F.2d 39 (1st Cir. 1981), Yamaha further argues that even if it was obligated to file in New Durham, it "substantially complied" with this requirement. In <u>Circus Time</u>, this Court held that minor errors, not seriously misleading, in certificates of title were not sufficient to render a security interest in those vehicles unperfected; "substantial compliance" with the documentary requirements was sufficient. <u>See</u> <u>id.</u> at 43; <u>see also</u> N.H. Rev. Stat. Ann. § 382-A:9-402(8) (1994)[7]

---

[7]  This statute was amended and reenacted in 2001 as N.H. Rev. Stat. Ann. § 382-A:9-506(a) (Supp. 2001) (stating that financing statements "substantially satisfying" the requirements are

-10-

(providing that a "financing statement substantially complying" with requirements is effective). This case, however, is easily distinguishable. Circus Time involved errors in the financing documents (i.e., the certificates of title), as opposed to errors in the filing process. The doctrine of substantial compliance has not been extended to filing requirements. See In re Covey, 66 B.R. 459, 460 (Bankr. D.N.H. 1986) (holding that security interest was not perfected since debtor conducted business only in one town in the state and creditor did not file financing statement in that town); In re Sports Enters., Inc., 38 B.R. 282, 282-83 (D.N.H. 1984) (holding that security interest was unperfected where creditor, in addition to filing with the Secretary of State, mistakenly filed with the clerk of the town adjacent to where debtor conducted business); see also N.H. Rev. Stat. Ann. 382-A:9-401, Offic. Comm. 5 (stating that "filing in only one of two required places is not effective").

A misfiled UCC-1 financing statement fails to serve the intended purpose of the filing requirement, which is to give proper notice that a secured interest exists. If we were to adopt Yamaha's argument, we would be placing an undue burden on all creditors. In addition to checking for prior encumbrances with the clerk of the town where the debtor is actually located, creditors would be forced to undergo the task of checking for misfiled security interests in adjacent towns, perhaps even statewide. Moreover, Yamaha's proposed scheme would reward creditors who

effective).

-11-

negligently misfile their UCC-1 financing statements. Such an outcome would undermine the statute's purpose. Therefore, we hold that Yamaha's actions in this case were insufficient to perfect its security interest.

Yamaha's final justification for filing in Wolfeboro, instead of New Durham, is that it "justifiably relied" on Perry Hollow's representations that it was located in Wolfeboro. As a result, Yamaha argues that under Field v. Mans, 516 U.S. 59 (1995), its security interest should not be avoidable. In Field, the Court held that a creditor, who, in extending credit, placed "justifiable reliance" on fraudulent representations made by the debtor, could except a debt from discharge under 11 U.S.C. § 523(a)(2)(A). Field, 516 U.S. at 74.

Yamaha alleges that Perry Hollow made false representations by not providing the true location of its business and that, therefore, Yamaha could justifiably rely on the Wolfeboro address provided by Perry Hollow when filing the financing statement. This argument is flawed. First, Field applies to actions under 11 U.S.C. § 523(a) to except a debt from discharge. This is not the case here.

Second, Yamaha fails to proffer evidence that Perry Hollow committed fraud in providing its Wolfeboro address. Specifically, Yamaha must prove that Perry Hollow intended to deceive it when providing the Wolfeboro address. We are not convinced that providing a valid mailing address, instead of a physical address, constitutes an intentionally false

-12-

representation. Therefore, insofar as this action was not brought under 11 U.S.C. § 523(a), and absent a showing of fraud, we decline to extend <u>Field</u>'s justifiable reliance standard to this matter. <u>See</u> <u>In re Perry Hollow Mgmt. Co.</u>, 260 B.R. at 62 (stating that no case has applied <u>Field</u> to a suit avoiding a security interest under 11 U.S.C. § 544).

**D. Yamaha's Motion to Stay the Sale Pending Appeal**

Yamaha argues that it was entitled to a stay of the golf carts' sale pending appeal, pursuant to Bankruptcy Rule 6004(g). Rule 6004(g) states that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, <u>unless the court orders otherwise</u>." Fed. R. Bankr. P. 6004(g) (Supp. 2001) (emphasis supplied). Yamaha complains that the bankruptcy court erred in waiving the ten-day period and ordering the immediate sale of the golf carts.

Although Rule 6004(g) provides for a ten-day stay, it also clearly states that the court can order otherwise. The Advisory Committee notes on Rule 6004(g) expressly state that "[t]he court may, in its discretion, order that Rule 6004(g) is not applicable so that the property may be used, sold, or leased immediately . . . ."

The court held an evidentiary hearing on the Trustee's motion to sell the golf carts and waive the automatic stay. The Trustee presented as factual bases for the waiver that the sale price was reasonable, the buyer was ready to complete the sale the next day,

-13-

and the present owner of the golf club intended to charge for the carts' continued storage.  Yamaha did not contest these facts.  <u>See In re Perry Hollow Mgmt. Co.</u>, 260 B.R. at 65.  Accordingly, because we find that the bankruptcy court properly acted within its discretion, we affirm its decision to waive the stay.

### III. Conclusion

For the foregoing reasons, the district court's judgment is **affirmed**.