Michael and Elaine PIFALO, Debtors.

First American Title Insurance Company and David Carney, Appellants,

v.

Michael and Elaine Pifalo, Appellees.

BAP No. 07–011.
Bankruptcy No. 04–18108–RS.

United States Bankruptcy Appellate Panel for the First Circuit.

Dec. 10, 2007.

Stephen E. Shamban, Esq., and Ann Brennan, Esq. on brief for Appellants.

Victoria R. Whelan, Esq., on brief for Appellees.

Before LAMOUTTE, VOTOLATO and DE JESÚS, United States Bankruptcy Appellate Panel Judges.

VOTOLATO, Bankruptcy Judge.

First American Title Insurance Company ("First American"), subrogee of Option One Mortgage Corporation, and David J. Carney, as title agent for First American, appeal from a January 25, 2007, bankruptcy court order (the "order"), granting Michael and Elaine Pifalo's (the "Debtors") motion (for leave) to refinance the mortgage on their home. First American and Carney opposed the refinancing "because First American will not get paid under its mortgage and the refinancing will cause an improper modification of the mortgage."

There is no need for a lengthy discussion of this dispute, which, upon examination, quickly reveals that the appeal is entirely without merit. First American and Carney's arguments both presume that the alleged First American mortgage is valid and enforceable, while simply ignoring final bankruptcy court orders dated February 3, 2005 and August 25, 2005 declaring the mortgage void. In those orders the bankruptcy judge ruled unequivocally that the recording of the mortgage more than one year after it was executed, *and five months after the commencement of this Chapter 13 case (in violation of § 362) was void. See Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 976 (1st Cir.1997). In its February 3, 2005 order, the bankruptcy judge disallowed Option One's secured proof of claim, stating: "No response having been filed, this objection is hereby sustained: the claim is hereby allowed as an unsecured, nonpriority claim." Thereafter, in denying reconsideration, the bankruptcy judge went into more detail stating:

... I think that there is both confusion and a misreading on the part of First American Title Insurance Company.

First, let me convey what this matter is not about. This is not about an unrecorded mortgage that remains so after a filing in which a fiduciary, either a Chapter 7 Trustee or a Chapter 13 debtor or or a Chapter 11 debtor seeks to avoid it as a consequence of its non-recordation under strong-arm powers.

What this was and remains is a determination of remedy by the Court on account of the recordation in violation of the stay; and contrary to what counsel to First American says, I made the following determination in my [February 3, 2005 & August 25, 2005] ruling: *I found that the recordation of the mortgage was an act in violation of the stay and is thus void. And I intended by that to invalidate in its entirety that mortgage.*

*What I meant by "void" then and today is having no legal force or binding effect and unable to in law to support the purpose for which it was intended.*

Transcript of January 25, 2007 Hearing, Appellants' Appendix, Vol V, at 82 (emphasis added). As noted above, this ruling is a final order, it has not been appealed, and it is the law of the case.

## JURISDICTION

■ Before considering the merits of a dispute, the Panel must determine that it has jurisdiction even if the issue is not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998). The Panel has authority to hear appeals from: (1) final judgments, orders and decrees; or (2) with leave of court, from interlocutory orders. 28 U.S.C. § 158(a); *Fleet Data Processing Corp. v. Branch (In re Bank of New Eng-*

*land Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998).

A decision is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *id.* at 646 (citations omitted), whereas an interlocutory order "only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" *Id.* (*quoting In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)).

Here, the order appealed from, *i.e.*, the order granting the Debtors' "Motion to Refinance" is a final order. *See In re Muessel*, 292 B.R. 712, 713 (1st Cir. BAP 2003).

## BACKGROUND

In January 2001, the Debtors, who own Unit # 1101, at 320 Newbury Street, in Danvers, Massachusetts (the "Property"), borrowed $209,000, and to secure the loan, gave the lender ("Option One") a mortgage on the Property. First American is Option One's title insurer, and David J. Carney, Esq., the title agent for First American, was also Option One's closing attorney. On October 5, 2004, the Debtors filed a Chapter 13 case, and on that date (for reasons unknown and for five months thereafter), Option One's mortgage remained unrecorded. On March 9, 2005, Option One filed a secured proof of claim in the amount of $215,595, to which the Debtors objected, on the ground that as of the date of the petition the mortgage was unrecorded. Option One did not respond to the objection,[1] and on February 3, 2005, the bankruptcy judge sustained the Debtors' objection, ruling that Option One was an unsecured creditor. Three months later Option One filed a motion for reconsideration, asking the court "to approve the post-bankruptcy perfection of its security interest *nunc pro tunc.*" The Debtors objected, and on August 25, 2005, the bankruptcy judge held an evidentiary hearing. Carney testified by affidavit[2] that he had no knowledge of the Debtors' bankruptcy filing prior to the recording of the mortgage, and that he first became aware that the mortgage was unrecorded in early March 2005, when Option One contacted him concerning its title insurance policy with First American. Carney also stated that during the March 2005 conversation, Option One did not mention bankruptcy.

At the conclusion of the August 25, 2005 hearing, the bankruptcy judge denied the request for relief, and ordered Option One to record a discharge of its mortgage no later than September 8, 2005. There was no appeal of that order. Not only was there no appeal—on September 8, 2005, on Option One's behalf, Carney filed a notice with the bankruptcy court that he had recorded the mortgage discharge, as ordered. Thereafter, in accordance with its contractual obligation, First American paid off the mortgage and became subrogated to Option One's position.[3]

On October 31, 2005, the Debtors' first amended plan was confirmed, and since then, the Debtors have filed a series of

---

1. With no issue raised on the subject in the record below, Option One argued before the Panel that its failure to respond to the objection to its proof of claim was caused by the fact that the address on file with the court was not one ordinarily used by Option One's bankruptcy department. *See* August 25, 2005 Evidentiary Hearing, Tr., at 5. This argument is clearly waived as an appellate issue.

2. Carney was court excused.

3. *See* Appellant's Brief of Appellant at 15.

amended plans.[4] While the bankruptcy court had the confirmation of the Debtors' amended plan under advisement, but before a ruling was issued, the Debtors filed the instant motion for leave to refinance their real estate. The bankruptcy judge approved the refinancing, stating:

> The mortgage lien under which First American Title asserts its secured claim and makes its objection herein was determined as void by prior order of the Court and is the subject of a discharge by the original mortgagee, Option One Mortgage Corporation, recorded on September 7, 2005, five months before First American Title appeared in the within Chapter 13 case. Since First American Title's objection is premised on the validity and enforceability of a previously void and discharged mortgage, that objection is overruled in its entirety.

See January 25, 2007 Order, Appellants' Appendix, Vol. V, at 60.

## DISCUSSION

█ It is the granting of the motion for leave to refinance upon which the Appellants premise this appeal,[5] and their sole argument is their disagreement with the bankruptcy court's *unappealed* ruling that First American's mortgage is void. That issue was first decided on February 3, 2005, when the Debtors' objection to Option One's secured proof of claim was sustained. See Appellants' Appendix Vol. III, at 16. Instead of filing a notice of appeal at that time, Option One waited three months and then sought reconsideration, alleging excusable neglect. On August 25,

2005, there was a full evidentiary hearing on the issue in the bankruptcy court. See *id.* at 71. At the conclusion of the hearing, the bankruptcy judge rendered a careful and clearly articulated bench decision denying Option One's motion, holding that no excusable neglect was shown, *id.* at 76, reminding the Appellants that the mortgage had been declared void because it was recorded in violation of the automatic stay, *id.* at 77, and reiterated that on September 7, 2005, in compliance with his prior order, Carney/Option One recorded a discharge of the mortgage at the Essex County Registry of Deeds. See *id.* at 79–81. Neither Option One nor Carney filed a Notice of Appeal or sought a stay of the order requiring them to record the discharge. *In re Mayhew,* 223 B.R. 849, 859 (D.R.I.1998) (final orders that are not appealed become the "law of the case"); *see also In re Scrivner,* 370 B.R. 346, 351 (10th Cir. BAP 2007).

Now, fast forward to January 2007 and the hearing on the Debtors' motion for leave to refinance, where First American, new to the proceeding, admits in its papers that it "stands in the shoes of Option One." See Appellants' Brief at 15. First American does not argue that it is not bound by the bankruptcy court's earlier orders voiding its mortgage. Rather, First American and Carney now make the incomprehensible argument that the bankruptcy judge did not declare the mortgage void until his decision on the motion for leave to refinance on January 25, 2007. That argument blithely ignores the bankruptcy judge's rulings dated February 3, 2005,

---

4. First American and Carney have objected to and been heard on all of their objections to the Debtors' plans. See Doc. Nos. 142 and 167.

5. The Appellants also filed notices of appeal of the bankruptcy judge's orders overruling their objections to the Debtors' fourth and fifth amended plans. Although the Appellants acknowledge that these two appeals were dis-

missed, as interlocutory, by the Panel on April 3, 2007, they nevertheless argued the merits of the (dismissed) appeals before this Panel. The Appellants' actions in ignoring clear and unambiguous court orders and fundamental procedures is inexcusable, and we will not be drawn into addressing those non-issues in this appeal.

and August 25, 2005. In addition, when First American and Carney tried to relitigate the validity of the mortgage in January 2007, the bankruptcy judge reminded them, again in clear terms, that this issue had already been litigated and decided. *See* Transcript of January 25, 2007 Hearing, Appellants' Appendix, Vol. V, at 82.

The bankruptcy judge's order in August 2005, requiring Option One to record a discharge of its mortgage, could not have more plainly expressed his intent to void Option One's security interest in the subject real estate and to declare Option One to be an unsecured creditor. Viewed in their best light, these arguments are just a transparent attempt to create a vehicle by which to seek review of an order that is clearly not appealable, by distorting and ignoring the facts and the settled law of the case.

Because there is no appeal of the orders voiding and discharging of the mortgage, the Appellants' request for *de novo* review at this time is beyond the Panel's jurisdiction. *See Balzotti v. RAD Inv., LLC (In re Shepherds Hill Dev. Co., LLC)*, 316 B.R. 406, 413–414 (1st Cir. BAP 2004) (timely filing an appeal is mandatory and jurisdictional); *Aguiar v. Interbay Funding, LLC (In re Aguiar)*, 311 B.R. 129, 134 (1st Cir. BAP 2004) (If no appeal is taken or otherwise preserved within the 10–day appeal period pursuant to Bankruptcy Rule 8002, the appeal will usually fail); *Yamaha Motor Corp. v. Perry Hollow Mgmt. Co., Inc. (In re Perry Hollow Mgmt. Co., Inc.)*, 297 F.3d 34, 38 (1st Cir.2002). Notwithstanding their efforts to invent or create appellate standing, First American and Carney's right to appeal or seek an extension of such right [6] expired in 2005, long before the January 25, 2007 order that is the subject of this appeal.

6. (Bankruptcy courts cannot grant extensions for filing a notice of appeal after the 20 day excusable neglect period has lapsed. *In re*

*CONCLUSION*

For the reasons discussed above, the Panel concludes that the bankruptcy court neither abused its discretion nor committed any legal error in allowing the Debtors to refinance. Therefore, the rulings and the orders appealed from are **AFFIRMED**, and the appeals are **DISMISSED**. The Appellants are ordered to pay the Appellees' costs. *See* Fed. R. Bankr.P. 8014.

*Shepherds Hill Dev. Co., LLC,* 316 B.R. at 414; *see also,* Fed. R. Bankr.P. 8002(c)(2)).