CLD-196                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1369
_____

In re:  IRWIN JACOBOWITZ;
PEARL H. JACOBOWITZ,
Appellants

_____

On Appeal from the United States District Court
for the Middle  District of Pennsylvania
(D.C. Civil No. 09-cv-00441)
District Judge:  Honorable A. Richard Caputo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 13, 2010

Before:  BARRY, FISHER and COWEN, Circuit Judges

Filed: June 21, 2010
_____

OPINION
_____

PER CURIAM

Irwin and Pearl Jacobowitz ("the debtors") filed a Chapter 13 bankruptcy petition

in 2006.  They proposed several plans, but it appears from the Bankruptcy Court docket

that no plan was actually confirmed.  Nonetheless, the United States Trustee moved to

dismiss the case because of a material default by the debtors with respect to the terms of

the plan. The Bankruptcy Court granted the motion and dismissed the case on January 13, 2009.

The debtors appealed. They submitted their notice of appeal in the Bankruptcy Court on February 11, 2009. The matter, including the debtors' statement of issues on appeal and designated record, appeared on the District Court's docket on March 10, 2009. The United States Trustee sought, and was granted, leave to designate additional items to be included in the record on appeal. Nothing else happened in the case until December 2, 2009, when the District Court entered a short order dismissing the case for the debtors' failure to follow Rule 8009(a) of the Federal Rules of Bankruptcy Procedure (relating to the requirement to file and serve briefs within 10 (now 14) days after entry of the appeal on the docket). The debtors filed a notice of appeal on January 19, 2010.

Although the debtors' filed their notice of appeal more than 30 days after the entry of the District Court's order, the notice was timely filed and we have jurisdiction over this appeal because the United States Trustee was and is a party to this suit. See F.R.A.P. 4(a)(1)(B); In re Perry Hollow Mgmt. Co., 297 F.3d 34, 38 (1st Cir. 2002) (explaining that "[t]he United States, its officer, or agency is a 'party' to a case not only where it is a named party to the appeal, see In re Lloyd, Carr, & Co., 617 F.2d 882, 884 n.1 (1st Cir. 1980), but also where it has actively participated in the proceedings, see id.; cf. In re Serrato, 117 F.3d 427, 429 (9th Cir. 1997)").

We may summarily affirm if no substantial question is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6. We may affirm on any basis supported by the record. See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988).

The District Court did not have jurisdiction over the debtors' appeal from the order of the Bankruptcy Court. At the relevant time, Bankruptcy Rule 8002(a) stated that a notice of appeal must be filed within 10 days of the entry of the Bankruptcy Court's order (the time period has since been expanded to 14 days). The 10-day time limit of Bankruptcy Rule 8002(a) is mandatory and jurisdictional. See In re Universal Minerals, Inc., 755 F.2d 309, 311-12 (3d Cir. 1985). The debtors' notice of appeal, filed nearly a month after the entry of the order in their case, was clearly untimely. Accordingly, the District Court did not have jurisdiction to review the Bankruptcy Court's order and thus had an alternative basis to dismiss the appeal. Accordingly, we will summarily affirm the District Court's order.